BLAISDELL *et al. vs.* BOHR *et al.*

1. If scrip representing railroad stock be stolen, the name of the true owner forged, and the stock sold and transferred on the books of the company, a bill will lie to compel the issue to her of new stock and the accounting for dividends by the company, or in default thereof to compel the purchasers to replace the stock. Such a bill is not demurrable for want of equity.

2. A bill is not multifarious because all of the defendants are not interested in all of the matters contained in the suit. It is sufficient if each party has an interst in some matter in the suit which is common to all, and that they are connected with the others.

3. All persons who are directly or consequentially interested in the event of the suit are properly made parties to a bill in equity, so as to prevent a multiplicity of suits by or against parties at once or successively affected by the original case.

4. An allegation that stock was purloined or stolen, as complainant

Blaisdell *et al. vs.* Bohr *et al.*

believed, by a certain person, and afterwards used by him without her knowledge or consent, was equivalent to a charge of want of authority on the part of such person to represent complainant.

5. A bill being brought to recover stock fraudulently sold to several purchasers, the complainant could amend by striking the names of several of them, waiving her right to call on them to respond to her for the amount of stock held by them.

6. There was no error in ordering the person who fraudulently sold the stock to be made a party to the bill for its recovery.

Equity. Stock. Parties. Amendments. Pleadings. Before Judge SNEAD. Richmond Superior Court. October Term, 1880.

Reported in the decision.

FRANK H. MILLER; W. K. MILLER, for plaintiffs in error.

M. P. CARROLL; J. B. CUMMING, for defendants.

CRAWFORD, Justice.

Christine Bohr filed her original bill against the Georgia Railroad and Banking Company, Frank Blaisdell, Abram H. McLaws, Andrew J. Miller, Charles Z. McCord, Lewis F. McCord, John J. Cohen, John J. Cohen & Sons and Henry Blum, alleging substantially, that she was the owner of twenty-three shares of stock of the Georgia Railroad and Banking Company, and that it had been purloined or stolen from her, as she believed, by Oscar R. Hummell. That her name had been forged to a power of attorney on the back of the scrip, as she believed, by the said Hummell. That the first forgery was witnessed by Frank Blaisdell, as a notary public, under his official seal, and five of the shares of said stock were sold and transferred on the company's books to Lewis F. McCord, Charles Z. McCord, and John J. Cohen & Sons. That the second forgery was witnessed by Andrew J. Miller, and by A. H. McLaws, as notary public and *ex officio* justice of the peace

for Richmond county, and six shares of the said stock transferred to Andrew J. Miller on the books of the company. That the third forgery of her name was witnessed by Frank Blaisdell, as a notary public, under his official seal, and the remaining twelve shares transferred on the books of the company to John J. Cohen and Henry Blum.

The prayer of the bill was that the Georgia Railroad and Banking Company replace her name on its books as the owner of the said twenty-three shares of stock, issue to her new certificates, and pay her the accrued dividends; or that it pay to her the highest proved value thereof since the transfer was made.

Her further prayer was, that should the said company be unable to perform and comply with the terms of the decree prayed for against it, then, that the other defendants be compelled to replace the stock.

The Georgia Railroad and Banking Company filed its answer admitting the charges in the bill so far as its own acts were concerned, but denied all knowledge, information or belief as to the purloining or stealing of the first certificate, or that the certificates for the eighteen and then the twelve shares ever went into complainant's possession, or that her name was forged to the power of attorney. That by its charter and by-laws transfers are made by the shareholders in person, and by attorneys in fact, specially authorized. When by the latter, the authority must be attested by a notary public or a judicial officer, thereby securing the guaranty of the official oath of such officer that the power of attorney is genuine. And this defendant further denied that it was a guarantor of the genuineness of the power of attorney further than such diligence as the circumstances required. And when such diligence was used, it denied all liability to the original or purchasing shareholder.

This defendant by way of cross-bill, charged, that at the times when the power of attorney bore date, Blaisdell and McLaws were notaries public for Richmond county, and that it had the right to give full faith and credit to their

official acts, and that they attested the same on seeing the complainant sign and seal them. And if this were not so, that their attestation was a breach of official duty by which it was misled, and that its co-defendants should be decreed to make good, respectively, any loss it might sustain by their respective breaches of official duty.

And further, by way of cross-bill, that its co-defendant, A. J. Miller, attested one of the powers of attorney, although he did not see complainant sign and seal the same, whereby he misled defendant. That the said Miller acted as attorney under one other of the powers, although he had actual knowledge that complainant had not signed and sealed said power in the presence of any witness, under which last named power the said Miller transferred twelve of the said shares, and that he should be decreed to make good any loss which the defendant might sustain on account of the said six and twelve shares.

The defendants, Miller, Blaisdell and McLaws, filed their demurrer to the bill of complaint, and to the cross-bill of their co-defendant, the Georgia Railroad and Banking Company. The complainant amended her bill by striking out the names of the defendants not served.

The demurrer to the original bill was for want of equity, because there was an adequate remedy at law, that the bill was multifarious because of a misjoinder of parties defendant, and a want of proper parties.

The same demurrer was filed to the cross-bill of the Georgia Railroad and Banking Company, adding thereto that there was a misjoinder of the grounds of relief and of actions.

Amendments to these demurrers were filed ; first to the original bill, a more specific demurrer on the ground of misjoinder, and in holding Miller as a purchaser for eighteen shares, and leaving out other purchasers ; to the cross-bill, that this defendant is no guarantor of stock, to subject its liability without relief as against purchasers, and that all these must be made parties defend-

ant before the case can proceed. The demurrer to the original and cross-bill was further amended, upon the ground that no allegation was made that criminal proceedings had been commenced against Hummell, and that there was no sufficient allegation that Hummell never had any authority to represent complainant in regard to the stock.

The chancellor, after argument had, overruled the demurrers, and ordered Hummell to be made a party to the original bill.

To this judgment counsel for Blaisdell, McLaws and Mitchell except, and bring the questions here for adjudication.

1. First, then, was there equity in the bill? In all cases of fraud equity has concurrent jurisdiction with courts of law, and where courts of law cannot give complete and effectual relief, a court of equity will.

Whether the railroad company is liable or not to the complainant for this stock, it is the party holding the control and power over the whole capital stock and its dividends, and equity alone can afford the full measure of relief to the complainant as against all the parties and over the subject matter. A court of law, without a multiplicity of suits, could afford no thorough adjudication of all the matters involved in this bill. Not only are the shares themselves involved, but the dividends are to be paid only to the true owner, and if misapplied they are to be accounted for.

If complainant has not lost her right to have restored to her the possession of the certificates of this stock, then those which have been issued to other parties are to be delivered up and cancelled, and new ones given to her. This she could not have done in a court of law.

2. Is the bill multifarious?

It is claimed that it is, because several distinct and independent matters are joined by one complainant against several defendants.

"To sustain a bill against multifariousness it is not indis-

pensable that all the parties should have an interest in all the matter contained in the suit. It is sufficient if each party has an interest in some matter in the suit which is common to all, and that they are connected with the others." 8 *Ga*, 236, and authorities there cited.

There was in this whole transaction but a single subject matter—the twenty-three shares of stock. How and where the liability will fall, and what shall be the final determination as to the rights of these parties, are not the questions. All the parties are connected with it in the conveyance from the alleged true owner. They may all be heard, and their rights and liabilities settled in this one suit, and the whole matter finally adjudicated. 21 *Ga*, 6; 35 *Ib*., 208. Mitford & Tyler 271–3. Dan. Ch. Pl. and Pr., 334; Story's Equity Pl., 271, 271, *a*.

Courts discourage the objection of multifariousness in all cases where, instead of advancing, it would defeat the ends of justice. 12 *Ga*., 61, 1–2–3 of the opinion.

3. Was there a misjoinder of parties defendant to the original bill, or want of proper parties? Or was there a misjoinder of parties and grounds of relief or of action to authorize the prayer in the cross-bill? All persons who are directly or consequentially interested in the event of the suit should be made parties.

Persons are often necessary parties defendant to a suit, "not because their rights may be directly affected by the decree if obtained, but because in the event of the plaintiff succeeding in his object against the principal defendant, that defendant will thereby acquire a right to call upon him, either to reimburse him the whole or part of plaintiff's demand, or to do some act towards re-instating the defendant in the situation he would have been in but for the success of the plaintiff's claim." This is done to avoid a multiplicity of suits, and requires the parties who may thus be consequentially liable to be brought, in the first instance, before the courts, that all the liabilities may be adjudicated and settled in one proceeding. 1 Dan. Ch. Pl.; and Pr. §283.

One further ground of demurrer both to the original and cross-bill was, that it was not averred that any criminal proceedings had been taken against Hummell, but the same was not insisted on in the argument before us.

4. Another was, that no sufficient allegation was made that Hummell never had any authority to represent the complainant in the premises respecting the stock. We hold that the allegations charging that the same was purloined or stolen, as complainant believed, by him and afterwards used by him without her knowledge or consent, was quite sufficient.

5. The right of complainant to amend the original bill by striking out those defendants not served, was one which she had the right to exercise, if she chose to waive her right to call on them to respond to her for the amount of stock held by them.

6. To order that Hummell be made a party was not error ; nor was it error to order it done by publication, because no process had theretofore issued to test the question of his residence.

In ruling the questions made by the first ground of demurrer to the original bill, that it was without equity, we pronounce no judgment on the right of the parties, as they would be affected by the fact of whether there was or was not some one present at the time of the attestation purporting to be the complainant, as it is not charged therein. And we rule upon the cross-bill, not because the exceptions are of right properly here at this time, but because the demurrers to the original bill, which are properly here, are also made in, and must control the cross-bill.

Judgment affirmed.