## ALLEN *et al. v.* MITCHELL *et al.*

The plaintiffs in the court below filed their petition seeking an injunction against a municipality, to restrain the latter from removing certain obstructions in an alley which the petitioners claimed to be a private alley. The municipality filed a demurrer, and a plea putting in issue the material allegations in the petition. When the case came on for trial the plaintiffs in error filed their written application, adopting the plea of the municipality as their own, and showing an interest in the subject-matter of the suit, growing out of their possession and ownership of property abutting on the alley. The court refused the application. *Held,* that the court erred in refusing to permit the plaintiffs in error to be made parties defendant.

MAY 13, 1915.

Equitable petition. Before Judge Littlejohn. Sumter superior court. May 28, 1914.

W. E. Mitchell and Commercial City Bank brought their petition against the Mayor and City Council of Americus, alleging, that they are owners and in possession of a lot of land in the City of Americus, on a part of which is located a cotton warehouse and on another part a bank and office building; that there is an alley lying between the warehouse and other buildings upon the land; that this alley is not a public alley but is a private alley, and is the property of petitioners; that they have been in the uninterrupted, peaceful, quiet, and adverse possession of the same, claiming it as their property, for more than twenty years; that it has not been used by others except by permission of petitioners; and that the defendant named in the petition is threatening to remove from said alley certain obstructions placed there by petitioners, and to throw the same open for the use of the public. Injunction and other relief was sought. A temporary restraining order was granted, and

the case was set down for interlocutory hearing upon a date named. To the petition the defendant filed a demurrer and a plea. Whether there was an interlocutory hearing or not does not appear, but the case came on in course for trial in term time; and when called for trial Lee Allen, and Allen Fort as executor of the estate of Mrs. Allen Fort, deceased, the plaintiffs in error here, filed their written motion to be made parties defendant in the case. They alleged that they owned property abutting on the alley in controversy, and that it was the only way of ingress and egress to and from the rear of their property; and they adopted as true the answer previously filed by the municipality, in which it was denied that the alley was a private alley and in which it was asserted that the same was a public alley; and they averred that the petitioners did not have the right to close it up, but on the contrary the municipality had the right to open it and keep it open as a way of ingress to and egress from certain buildings. The court refused to allow the motion of the plaintiffs in error to be made parties defendant, and error is assigned upon this refusal. The municipality withdrew both its plea and demurrer; and a verdict and decree were taken without objection, making the injunction permanent. The motion of the plaintiffs in error to be made parties defendant was presented by the same counsel who had been representing the municipality, and who withdrew the plea and demurrer of the latter.

*Shipp & Sheppard* and *Hollis Fort*, for plaintiffs in error.

*E. A. Hawkins* and *W. P. Wallis*, contra.

Beck, J. (After stating the foregoing facts.) The plaintiffs in error, who sought to have themselves made parties defendant in the court below, show clearly an interest in the suit. While they would not be concluded by the verdict in this case, they were legally entitled, under the showing which they made, to be made parties defendant and to have the rights which they set up adjudicated in the equitable suit which the petitioners were prosecuting against the municipality. The petitioners had voluntarily gone into a court of equity and invoked there a verdict and decree establishing their contention that the alley in question was a private alley. The municipality against which the suit was brought filed pleadings putting in issue this contention of the petitioners. The plaintiffs in error, who sought the right to intervene in the court below, had some interest in common with the municipality. They were

interested directly in having the alley declared one open for the use of the public, or at least to abutting owners who use it as a way of ingress and egress to and from their property, and they had a right to join as parties defendant in the litigation over the question made. They might have stood by and have allowed the city to contest the rights of the plaintiffs as asserted in their petition, but they had also a right to take part in the legal fight which the plaintiffs had precipitated. They might well have thought that the contest would be waged more vigorously against the plaintiffs if they were permitted to maintain their own side of the question. It would seem that subsequent events justify this view. Our code provides that "all persons interested in the litigation should be parties to proceedings for equitable relief." Civil Code, § 5417. Some exceptions to this rule are stated in the section referred to; but it is not necessary to consider them, as the parties here fall within none of the exceptions. In equity it is the general practice to permit strangers to a litigation, who claim and show an interest in such a matter, to intervene and assert and have established rights which would be affected by the decree in the case. 11 Enc. Pl. & Pr. 498 et seq. The broad rule laid down in the work last cited has probably been to a certain extent deduced from judicial construction of statutes in certain States in reference to the subject of intervention, and may be somewhat broader than the rule in this State; but under our code provision quoted above, the rule here is not so narrow as to exclude parties showing a direct interest in the subject-matter of the suit, which is set up by the plaintiffs in error here. Generally a court of equity will extend to one who is not a party to the bill the privilege of becoming a party, at his own instance, when from the case made it appears that the ends of justice would be subserved by it. *Phillips* v. *Wesson,* 16 *Ga.* 137; *Blaisdell* v. *Bohr,* 68 *Ga.* 56.

The fact that the municipality, subsequently to the refusal of the court to allow plaintiffs in error to intervene and be made parties, dismissed the plea and demurrer which had been filed, did not affect the rights of the complaining parties. They sought to become parties defendant before the municipality had dismissed its plea and demurrer. They adopted the plea of the municipality as their own, and showed in their written application to the court an interest in the subject of the suit. The verdict and decree com-

plained of must be set aside, and the plaintiffs in error here be afforded the opportunity of contesting the petitioners' right to that decree.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*