BLALOCK *et al. v.* MAYOR & COUNCIL OF JONESBORO *et al.*

The trial court erred in dismissing, on general demurrer, the intervention of the plaintiffs in error.

No. 290.  DECEMBER 15, 1917.

Petition for injunction; intervention. Before Judge Smith. Clayton superior court. March 1, 1917.

*John B. Hutcheson* and *James L. Key,* for plaintiffs in error.

*W. M. Wright* and *Joseph W. & John D. Humphries,* contra.

BECK, P. J. Certain citizens and taxpayers of the City of Jonesboro, suing in behalf of themselves and other citizens and taxpayers of that city, filed their petition against the mayor and

council of the city, to enjoin the levy of a tax a part of which was for the maintenance and operation of a waterworks system in Jonesboro. It was alleged by the plaintiffs, that the mayor and council were without authority to maintain the system of waterworks by taxation upon the property of the citizens; that the waterworks system was constructed under an agreement between the municipality, the County of Clayton, and the Jonesboro School District, it being agreed among them that a deep well should be drilled upon the court-house lot owned by the county in the City of Jonesboro, and a water-tower erected thereon, with the necessary machinery for pumping water into tower, and that a water-main should be laid from the well and tower to certain streets in the city and extending to the schoolhouse lot owned by the Jonesboro School District; that the expenses incident to the construction and equipment of the waterworks system were to be borne by the County of Clayton, the City of Jonesboro, and the Jonesboro School District, jointly, and in the proportions set forth in the petition; that in pursuance of this agreement the waterworks system had been completed; that, after provision had been made for the water-main, the municipality, through its mayor and council, entered into an agreement with certain of the citizens of Jonesboro, by the terms of which said citizens were authorized to lay a water-main along a certain street for a considerable distance, connecting with the water-main as already provided, this additional main to be laid at the expense of said citizens, who were thus to be supplied with water; that in consideration thereof the municipality was to furnish the named citizens water through said main at the rate of one dollar per month for each connection, which sums for water should be credited by the municipality on the expense incurred by said citizens in laying said water-main; and that under this system the said citizens should be supplied with water indefinitely through a long and indefinite term of years, until the amount of water consumed by them, at the rate aforesaid, should equal the expense incurred by said citizens in laying the water-main, when said water-main should then become the property of the municipality.

Certain other citizens and taxpayers of Jonesboro, not included among the original petitioners, filed their application to be made parties defendant, alleging that the mayor and council and the

plaintiffs were in collusion, etc.; and that the applicants had an interest in the subject-matter of the suit; and they prayed that they be allowed to defend. They were allowed to file an answer to the petition, showing that they were citizens and taxpayers, and setting up alleged reasons for the refusal of the injunction. They also filed, subject to objections, their demurrer to the petition. To this intervention a general demurrer was filed by the original petitioners. The court sustained this demurrer and dismissed the intervention and the demurrer of the intervenors. We think that in doing this the court erred; and that the ruling made in the case of *Allen* v. *Mitchell,* 143 *Ga.* 476 (85 S. E. 336), is controlling in the case.

*Judgment reversed. All the Justices concur.*