CLARK et al. v. HARRISON, insurance commissioner, et al.

PER CURIAM. 1. There are two essential elements of a champertous agreement: first, there must be an undertaking by one person to defray the expense of the whole or a part of another's suit; second, the agreement or promise on the part of the latter to divide with the former the proceeds of the litigation in the event it proves successful. *Meeks* v. *Dewberry*, 57 *Ga.* 263; *Anderson* v. *Anderson*, 12 *Ga. App.* 706 (2) (78 S. E. 271); Black's Law Dictionary (3d ed.), 306.

(a) The present suit brought by the insurance commissioner did not seek a recovery of anything of value, but its purpose was merely to restrain the defendants from violating the insurance laws of the State. Accordingly, there was no recovery to be shared with the attorneys appointed by the Governor to bring the suit, and their relation to the case was not champertous. *Ellis* v. *Smith*, 112 *Ga.* 480 (2) (37 S. E. 739); *Robison* v. *Beall*, 26 *Ga.* 17 (3); 11 C. J. 231.

(b) Moreover, the attorneys who instituted the action in behalf of the insurance commissioner were appointed as special attorneys-general, in accordance with the Code of 1933; § 40-1609, and in the service performed under this appointment the attorneys were acting as officers of the State, and were not performing services under any contract of employment. There being no contract of employment, there could be no champerty or maintenance. *City Council of Augusta* v. *Sweeney*, 44 *Ga.* 463 (9 Am. R. 172); *Collins* v. *Russell*, 107 *Ga.* 423 (33 S. E. 444);

*Tucker* v. *Shoemaker*, 149 *Ga.* 250, 252 (99 S. E. 865). It follows that the court did not err in refusing to dismiss the suit on the ground that the appointment of these attorneys was void as tainted by maintenance or champerty.

2. The suit having been brought in behalf of the insurance commissioner by attorneys who were duly authorized to institute it, it was not improper for the attorney-general or any of his regular assistants to appear and sign the pleadings, as counsel for the State, at any later stage of the litigation. See *Tatum* v. *Allison*, 31 *Ga.* 337; *Brooke* v. *Lowry National Bank*, 141 *Ga.* 493 (2) (81 S. E. 223).

3. It is not the right of a stranger to a pending cause to intervene therein, unless it is necessary to his protection that he be allowed to become a party to the litigation and thus be afforded an opportunity to resist the rendition of a judgment which would operate to his prejudice. *Clark* v. *Wheatley*, 113 *Ga.* 1074 (39 S. E. 437); *Armour Car Lines* v. *Summerour*, 5 *Ga. App.* 619 (63 S. E. 667). While under this principle it was error to allow the intervenors to be made parties in the present case, yet since the nature of the suit was not changed by their appearance, the error was harmless and may be easily corrected by striking their names as parties and dismissing their intervention when the case is reached for final trial in the court below. It is so directed.

4. In this suit by the insurance commissioner to enjoin a company from conducting an insurance business without being chartered as an insurance company, the evidence authorized the grant of interlocutory injunction on the ground that the contracts issued by the company constituted policies of life insurance, and that the company, in the issuance of such contracts, was doing a life-insurance business contrary to law. *Benevolent Burial Asso.* v. *Harrison*, 181 *Ga.* 230 (181 S. E. 829).

*Judgment affirmed. All the Justices concur.*

No. 10883. FEBRUARY 19, 1936. REHEARING DENIED MARCH 11, 1936.

*Hay & Gainey*, for plaintiffs in error.

*M. J. Yeomans*, attorney-general, *Dave M. Parker, W. C. Hendrix, W. F. Buchanan, Jeff A. Pope, Wilcox, Connell & Wilcox, Theo Coleman*, and *Alexander & Jones*, contra.