OGLETREE *et al.* v. ATKINSON, solicitor-general.

JENKINS, Justice. 1. While a stranger without any interest needing protection in a cause is not entitled to intervene therein (*Clarke* v. *Wheatley,* 113 *Ga.* 1074, 39 S. E. 437; *Clark* v. *Harrison,* 182 *Ga.* 56 (3), 184 S. E. 620), yet one who actually has an interest in the subject-matter of an equity cause ordinarily may intervene to protect his rights. *Allen* v. *Mitchell,* 143 *Ga.* 476, 478 (85 S. E. 336); *Blalock* v. *Jonesboro,* 147 *Ga.* 485, 486 (94 S. E. 567); *Blaisdell* v. *Bohr,* 68 *Ga.* 56 (3), 61.

2. The keeping or maintaining of any place or resort where intoxicating liquor is sold or kept for sale in a dry county, in violation of the provisions of the Code, §§ 58-101 to 58-109, inclusive, as amended by the act of 1938 (Ga. L. Ex. Sess. 1937-38, pp. 103, 104, 123; Code Supp. § 58-124), is a public, common nuisance, which "may be abated by writ of injunction issued out of the superior court upon a bill filed by the attorney-general or the solicitor-general of the circuit, or by any citizen or citizens of such county." Code, §§ 58-104, 72-202; *Lokey* v. *Davis,* 194 *Ga.* 175 (21 S. E. 2d, 69), and cit.

3. (*a*) Where a public nuisance is "abated by writ of injunction," and the petition is brought only against the lessee of the property, the order of abatement should not exclude the owner from entering upon and reoccupying his premises for legal purposes, without having given him a right to be heard for the purpose of showing that he had no guilty knowledge of the illegal purpose to which the premises were being subjected. See *Henson* v. *Porter,* 149 *Ga.* 83 (2) (99 S. E. 118) ; U. S. *v* Stowell, 133 U. S. 1, 14 (10 Sup. Ct. 244, 33 L. ed. 557) ; 39 Am. Jur. 443, 447, §§ 172, 175; 30 Am. Jur. 522, § 516.

(b) "Where guilty knowledge is the gist of [an] offense," or of a proceeding against the owner of leased premises to abate a public nuisance, "anything going to show the existence of such knowledge is admissible in evidence, and it is immaterial when and from what source such knowledge was acquired. . . If the [owner] did not rent the premises for [the] illegal '. . purpose, he was under no obligation to use ordinary diligence in discovering the use to which the premises were put; but if the circumstances of the conduct of that business were such as to put him upon notice that the premises were used [illegally], the jury would be authorized to find that the [owner] had knowledge that the premises were so used." *Bashinski* v. *State*, 123 *Ga.* 508 (3, 6), 511 (51 S. E. 499); *Rivers* v. *State*, 118 *Ga.* 42 (2, 3), 44 (44 S. E. 859); *Bashinski* v. *State*, 122 *Ga.* 164, 166 (50 S. E. 54).

4. Under the preceding rulings, this being a petition by a solicitor-general to abate a public nuisance by enjoining the lessee from operating an illegal business, and praying for an order closing up the premises involved, but the petition being brought only against the lessee, it was error to disallow an intervention by the owners, seeking to establish an absence of guilty knowledge on their part as to the illegal use of the premises by the lessee; and it was error, as against such owners, who were not allowed to be heard, to pass an order, not only enjoining the lessee from operating the illegal business on the premises, but "all other persons whomsoever . . from using or occupying said . . premises . . for any purpose at any time, until further order," and also providing that the sheriff "securely lock and fasten the buildings . . so as to prevent . . use or occupancy by any one until further order of this court." While the portion of the order affecting the rights of the owners who had not been allowed to intervene was illegal, the judgment so far as it concerns the defendant lessee was correct.

*Judgment affirmed in part and reversed in part. All the Justices concur.*
No. 14316. NOVEMBER 17, 1942.