MORRIS *et al. v.* CITY COUNCIL OF AUGUSTA *et al.*

No. 16234.   JULY 14, 1948.

*Pierce Brothers*, for plaintiffs.

*Congdon & Harper*, for defendants.

WYATT, Justice. ■ The trial court did not err in denying the motion to dismiss the answer filed by the defendants in the court below. The answer was entirely responsive to the petition, denying each and every material allegation; and the answer, together with the amendment thereto, in orderly paragraphs, alleged defensive matters, particularly alleging, as shown more fully in the statement of facts, that the salary of John B. Kennedy was raised to $8000 by an ordinance passed on April 17, 1946, and duly published as required by law, and in full force and effect on April 30, 1946; that John B. Kennedy submitted an application for retirement on pension in due form on April 30, 1946, while the

ordinance of April 17, 1946, was still in full force and effect, and this application was approved before the ordinance attacked by the petition was introduced in city council. Copies of the ordinance of April 17, 1946, the application for retirement, as well as the proceedings of the city council on April 30, 1946, when the application for retirement was approved, were attached to the answer as exhibits.

Although the defendants Page and Kennedy were present on the call of this case and prepared to defend, the plaintiffs struck these defendants as parties defendant, and then sought to proceed against the remaining defendants, who were not present defending the action. Whether the trial court was correct in allowing the plaintiffs to strike these defendants as parties defendant is immaterial to a consideration of the case, since no cross-bill has been filed complaining of this ruling. However, after the defendants were stricken, the defendant John B. Kennedy filed an intervention, which was allowed over the objection of the plaintiffs, and this ruling is excepted to by the plaintiffs in error, and the correctness of this ruling must be determined.

Counsel for the plaintiffs in error have cited numerous cases, holding to the effect that a plaintiff may dismiss his action at any time, unless a plea of setoff or affirmative relief has been prayed for by the defendants, and such dismissal of the main cause carries with it a defensive intervention. Decisions of this tenor are not applicable to the question here raised. The plaintiffs did not dismiss their action. They struck two of the parties defendant and proceeded with their action. The question, as made by the record, is simply this: Was John B. Kennedy such a party at interest as might intervene in the cause? That Kennedy was a party vitally interested in the subject-matter of the litigation, whose rights would be directly and immediately affected by any judgment rendered, can not be questioned. The purpose of the suit was to enjoin the payment of a pension to him, and upon the outcome of the case depended his right to continue receiving a pension.

"While a stranger without any interest needing protection in a cause is not entitled to intervene therein (*Clarke* v. *Wheatley*, 113 *Ga.* 1074, 39 S. E. 437; *Clark* v. *Harrison*, 182 *Ga.* 56 (3),

184 S. E. 620), yet one who actually has an interest in the subject-matter of an equity cause ordinarily may intervene to protect his rights. *Allen* v. *Mitchell*, 143 *Ga.* 476, 478 (85 S. E. 336); *Blalock* v. *Jonesboro*, 147 *Ga.* 485, 486 (94 S. E. 567); *Blaisdell* v. *Bohr*, 68 *Ga.* 56 (3), 61." *Ogletree* v. *Atkinson*, 195 *Ga.* 32 (22 S. E. 2d, 783).

Where such an intervention is allowed, it is permissible for the intervenor to adopt the answer of other defendants as his own and be made a party defendant. *Davis* v. *Warde*, 155 *Ga.* 748 (1) (118 S. E. 378). The trial court did not err in allowing the intervention.

■ We think that other questions raised may be disposed of by a consideration of whether the evidence demanded a verdict for the defendants.

The plaintiffs introduced in evidence only their petition, together with the ordinance of April 30, 1946, the application of John B. Kennedy for retirement on a pension, and the resolution of the City Council of Augusta approving the retirement. Voluminous evidence was offered by the defendants. This evidence included: Ordinance No. 1531, passed by the City Council of Augusta on April 17, 1946, and raising the salary of the Commissioner of Public Safety to $8000 per annum; certified copies of the entire proceedings of the City Council of Augusta at a meeting held on April 17, 1946, at which ordinance No. 1531 was introduced and passed; copies of the Augusta Herald, dated April 19, 20, and 22, 1946, showing the publication of ordinance No. 1531, and counsel for the plaintiffs admitted that the ordinance had been duly published; copies of the application of John B. Kennedy for retirement, with entries thereon showing approval of the civil service commission, city attorney, and comptroller; certified copies of the entire proceedings of the City Council of Augusta at a meeting held on April 30, 1946, showing that the retirement of John B. Kennedy was considered, acted upon, and approved prior to the introduction of ordinance No. 1533, which was subsequently considered and passed. A number of witnesses testified for the defendants, refuting charges of conspiracy in the retirement of Kennedy on a pension.

In this case the plaintiffs completely failed to prove the material allegations of their petition, including all charges of con-

spiracy as well as charges that the defendant Kennedy was retired under ordinance No. 1533, which was the subject of attack in the petition. Moreover, the undisputed evidence showed that Kennedy retired under a valid ordinance, No. 1531, which had been duly published as required by law prior to April 30, 1946; that Kennedy's application for retirement had been introduced, considered, and approved by the City Council of Augusta before ordinance No. 1533 was ever introduced or acted upon by the City Council of Augusta. Nevertheless, counsel for the plaintiffs now urge before this court that ordinance No. 1533 repealed ordinance No. 1531. In other words, although counsel attack ordinance No. 1533 in their petition as being wholly invalid and void and lay their entire petition upon that theory, they now urge, without pleadings supporting such a contention, that the ordinance of April 30, 1946, was valid for the purpose of repealing the previous ordinance. Such a position is not tenable. Moreover, whether ordinance No. 1533, which fixed the salary of the Commissioner of Public Safety at the same salary as the previous ordinance of April 17, namely, $8000, was valid or invalid, is immaterial to a consideration of the case, for if it repealed the previous ordinance, it would be given no retroactive application so as to affect the rights of the defendant Kennedy to a pension previously granted under a valid ordinance.

But it is urged by the plaintiffs that by the introduction of their petition in evidence they proved their case as laid; and the Supreme Court having previously ruled that the petition set forth a cause of action, they made out a prima facie case. While this court, on the previous appearance of this case, held that the allegations of the petition, which were on demurrer assumed to be true, were sufficient to set forth a cause of action, this court did not, of course, rule that the plaintiffs were entitled to the relief sought without proof of the allegations of the petition. Neither did this court consider defensive matters set forth in the answer, for as stated in the opinion such matters could not properly be considered on general demurrer.

This court has previously held that evidence of the character relied on by the plaintiffs in this case is of no probative value. In *Patrick* v. *Holliday*, 200 *Ga.* 259, 262 (36 S. E. 2d, 769), this court held: "A party's pleadings are not ordinarily evidence in

his favor. *Hawkins* v. *Chambliss*, 120 *Ga.* 614 (48 S. E. 169); *Mitchell* v. *Great Atlantic & Pacific Tea Co.*, 7 *Ga. App.* 824 (2) (68 S. E. 343); *Lancaster* v. *Ralston*, 58 *Ga. App.* 404 (198 S. E. 839). The pleadings merely present the issues, and, where denied by the opposing party, must be established by aliunde proof."

In the *Patrick* case, the plaintiff offered the evidence of a witness, who testified that he had read the allegations of the petition and they were true. Nevertheless the court held this evidence to be of no probative value, stating: "It would be revolutionary to our system of jurisprudence to permit a plaintiff to establish the allegations of the petition and make out a prima facie case by merely testifying that the contents of the petition are true. The effect of such a ruling would prevent nonsuits, demand directed verdicts, eliminate new trials on the grounds of the insufficiency of evidence, and create many other drastic and abhorrent innovations affecting the law of allegata and probata. Many other reasons may be assigned for declining to give any credit to such testimony, but suffice it to say that in a suit of this nature such evidence has no probative value."

While in the *Patrick* case there was a witness on the stand, testifying and subject to cross-examination, in the instant case the plaintiffs sought to make out a case by the introduction of their pleadings only, thereby depriving the defendants of any right of cross-examination. The approval of such procedure would, indeed, be revolutionary to our system of jurisprudence. We have no hesitancy in ruling that the plaintiffs failed to make out a prima facie case and that the evidence demanded a verdict for the defendants.

Conceding that the trial court erroneously limited the time allotted counsel for the plaintiffs for argument (see, in this connection, *Lovett* v. *Sandersville Railroad Co.*, 199 *Ga.* 238, 33 S. E. 2d, 905), such a ruling will not require a reversal. An erroneous ruling is never reversible error unless it is harmful to the party complaining; and in this case the evidence demanded the verdict. See *Hooks* v. *Frick & Co.*, 75 *Ga.* 715, 718.

*Judgment affirmed. All the Justices concur, except Bell, J., absent on account of illness.*