LAND O'LAKES CREAMERIES INC. *v.* CROWLEY *et al.*

HAWKINS, Justice. 1. Since it appears from a supplemental certificate by the clerk of the trial court, filed in response to an order of this court, that the intervention and the amendments thereto in this equitable proceeding were duly filed in that court, they became a part of the pleadings and record in the case, and were properly specified as a part of the record in the bill of exceptions assigning error upon the refusal to allow the prayer for intervention. *Branan* v. *Baxter & Co.*, 122 *Ga.* 222 (50 S. E. 45).

2. While it is the general practice in equity to permit strangers to a litigation, who claim and show an interest in such a matter, to intervene and assert and have established rights which would be affected by the decree in the case, a stranger without any interest needing protection in a cause is not entitled to intervene therein. *Allen* v. *Mitchell*, 143 *Ga.* 476, 478 (85 S. E. 336); *Ogletree* v. *Atkinson*, 195 *Ga.* 32 (1) (22 S. E. 2d, 783).

3. Under the record in this case, James H. Crowley would have an undivided two-thirds interest in the large tract of land involved, even though the plaintiff should be successful in setting aside her deed to him to an undivided one-third interest therein. While the intervention alleges that "Intervenor is advised that the only asset James H. Crowley has is his equity in the real property described herein," it fails to show what amount, if any, is now due by James H. Crowley to the Bank of Thomas County, which debt is secured by his loan deed to it; and makes no allegation whatever as to the value of this land, or of

the undivided two-thirds interest of James H. Crowley therein, and thus fails to show that the intervenor's judgment lien cannot be fully satisfied from such undivided interest in the large tract of land, consisting of 1320.98 acres. The intervention thus failing to show any interest of the intervenor · needing protection in the cause, it is not entitled to intervene therein. The allegation that, "Should the court grant the relief prayed by the plaintiff, . . intervenor would suffer irreparable damage" is a mere conclusion without any sufficient facts being alleged to support it. *Washington Seminary* v. *Bass,* 192 *Ga.* 808, 809 (2) (16 S. E. 2d, 565); *Imperial Hotel· Co.* v. *Martin,* 199 *Ga.* 801, 804 (35 S. E. 2d, 502).

4. The trial court did not err in refusing to allow the intervention.

*Judgment affirmed. All the Justices concur.*

No. 17301. JANUARY 8, 1951. REHEARING DENIED FEBRUARY 15, 1951.

518

*Hall & Bloch, Denmark Groover Jr., J. René Hawkins,* and *Alexander, Vann & Lilly,* for plaintiff in error.

*Forester & Calhoun, Jesse J. Gainey,* and *John P. Cowart,* contra.