### 18469. STATE OF GEORGIA v. HIERS et al.

HAWKINS, Justice. 1. When this case was here before, it was held that since the plaintiffs alleged in their petition that they, and others similarly situated, paid the purchase price of the property involved, the petition set up in the plaintiffs a perfect equity in the land, even though title to it was taken by them in the name of an unincorporated National Guard Company in which they were members. *Waycross Military Association* v. *Hiers,* 209 *Ga.* 812 (76 S. E. 2d 486).

2. Following the above decision, the State of Georgia, acting through the Georgia State Department of Defense, Military Division, filed an intervention in the trial court, in which intervention, as amended, it is alleged: that the amounts of money paid by the State of Georgia to the unincorporated National Guard Company referred to in the petition, "was appropriated to said company to be expended for military purposes, among which was the purchase of the land in question to be purchased and used exclusively for a military rifle range. And that monies appropriated to said company by the State of Georgia were actually expended in the payment of the purchase price of the land in question, said purchase having been made by the company upon authority of the State Department of Defense, and State money having been used to pay the entire purchase price of the land"; and that the

conveyance of the property to this National Guard Company, a unit of the Defense Department, constituted a conveyance to the State of Georgia and the title thereto vested in the State of Georgia. *Held:*

(a) As was held in this case before, payment in full of the purchase money, in this State, gives the purchaser a perfect equity, which is good title even at law, and is sufficient to support or defeat an action in ejectment. Code § 37-802; *May* v. *Sorrell,* 153 *Ga.* 47, 53 (111 S. E. 810); *Evans* v. *Sawilowsky,* 179 *Ga.* 547, 556 (176 S. E. 625); *Neely* v. *Sheppard,* 185 *Ga.* 771, 776 (196 S. E. 452); *Long* v. *Godfrey,* 198 *Ga.* 652 (32 S. E. 2d 306); *Jackson* v. *Faver,* 210 *Ga.* 58 (5) (77 S. E. 2d 728).

(b) Where, as here, one alleges that he actually has an interest in the subject matter of an equity cause, he may intervene to protect his rights. *Ogletree* v. *Atkinson,* 195 *Ga.* 32 (1) (22 S. E. 2d 783); *Land O'Lakes Creameries* v. *Crowley,* 207 *Ga.* 515 (63 S. E. 2d 215).

(c) It was error for the trial court to sustain the demurrers and dismiss the intervention of the State of Georgia, acting through the Georgia State Department of Defense, Military Division, insofar as it alleged full payment of the purchase price of, and therefore equitable title to, the property involved.

3. The trial judge did not err in sustaining the demurrers to so much of the intervention as sought to set up that any contributions to the purchase price of the property made by the individual members of the military company therein referred to should be considered as contributions to the State of Georgia, for the reason that under Code § 86-1410, the Governor of the State is authorized, in his discretion, to accept donations to be used for military purposes by the National Guard, and there was no allegation that such contributions had been accepted by the Governor. In order to constitute a valid gift, there shall be the intention to give by the donor, and acceptance by the donee. Code § 48-101.

4. Since, under the ruling made in division 2(c) above, the trial judge erred in dismissing the intervention, which judgment entered into and affected the final result of the cause, the final judgment must be set aside.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED JANUARY 12, 1954—DECIDED FEBRUARY 9, 1954.

*Eugene Cook, Attorney-General, Hugh C. Carney, Assistant Attorney-General, Clarence D. Blount, James B. Estes, Jr., Deputy Assistant Attorneys-General,* for plaintiff in error.

*Ben A. Hodges, Bennett, Pedrick & Bennett,* contra.