19924. BOWMAN, Administratrix, *v.* POOLE *et al.*

HAWKINS, Justice. The history of the litigation concerning the property here involved, which has now been in progress nearly

twelve years (*Bowman* v. *Bowman*, 79 *Ga. App.* 240, 53 S. E. 2d 244; *Bowman* v. *Bowman*, 203 *Ga.* 206, 45 S. E. 2d 415; *Bowman* v. *Bowman*, 205 *Ga.* 796, 55 S. E. 2d 298; *Bowman* v. *Bowman*, 206 *Ga.* 262, 56 S. E. 2d 497; *Bowman* v. *Bowman*, 207 *Ga.* 226, 60 S. E. 2d 242; *Bowman* v. *Bowman*, 209 *Ga.* 200, 71 S. E. 2d 84; *Bowman* v. *Bowman*, 210 *Ga.* 259, 78 S. E. 2d 801, Cert. den. 347 U. S. 1017, 74 Sup. Ct. 865, 98 L. ed. 1139, Reh. den. 348 U. S. 859, 75 Sup. Ct. 19, 99 L. ed. 671; *Bowman* v. *Poole*, 212 *Ga.* 261, 91 S. E. 2d 770; *Bowman* v. *Poole*, 212 *Ga.* 697, 95 S. E. 2d 375), is a striking illustration of the "High Cost of Hurt Feelings." The plaintiff's petition alleges that the property involved is worth $7,500. The present record consists of 260 pages of pleadings and evidence. It appears that counsel for one of the parties now holds a lien for $1,000 as attorney's fees for services rendered in the various phases of this litigation, and it is easily conceivable that the costs of the various proceedings, trials, and appeals far exceed the value of the property. The record is replete with evidence of the wounded feelings of the parties and of at least some of counsel.

The opinion of this court when this particular case was here before (*Bowman* v. *Poole*, 212 *Ga.* 261, supra) contains a statement of the substance of the plaintiff's petition, and it is unnecessary to repeat what was there said. Suffice it to say that the plaintiff, alleging herself to be the holder of a junior security deed covering the property here involved, alleged that she, through her counsel, made a tender to the defendant Poole as transferee of a superior security deed, of the amount due thereon, and demanded an assignment of the security deed and note held by him, which tender he refused and thereafter proceeded to sell the property under the power of sale contained in the security deed, and bought the property in at such sale. She sought to have the sale and the deed executed in pursuance thereof declared null and void; to require the defendant Poole to transfer and assign his security deed to her; to have title to the property decreed in her; to require the defendant to account to the plaintiff for all rents collected, and to have judgment against the defendant for $500 as attorney fees because of the alleged bad faith of the defendant in refusing the tender. This court, ruling only upon a general demurrer, and not upon the issues made by the defendant's answer or on

the merits of the case as disclosed by the evidence adduced upon the trial, held that the petition stated a cause of action, and reversed the judgment sustaining a general demurrer. The defendant's answer and cross-bill as amended alleges that, immediately upon the rendition of that decision by this court, the defendant Poole voluntarily canceled the sale under power and the deed pursuant thereto, and executed a deed to Joanne W. Bowman, the alleged holder of the legal fee title, conveying such interest as he might have in said property to her, subject to: (1) the first security deed originally made to Atlanta Federal Savings & Loan Association and assigned to the defendant Poole; and (2) the rights of the grantor under and by virtue of the attorneys' lien and judgment thereon in a described suit in Fulton Superior Court, the deed executed by the defendant Poole to Joanne W. Bowman reciting: "The purpose and effect of this deed shall be to cancel and set aside the sale under power and deed made pursuant thereto, and to revest the title exactly as it was before such sale and the execution of such deed."

In order to simplify further the issues, the other partners of the law firm of which the defendant Poole was a member, and the owners of the judgment and lien for attorney fees, transferred their interest in the same to the defendant Poole, in order that all matters relating to the title to the property could be determined in this case. The defendant's answer and cross-bill as amended alleged these facts, and also, that, at the time of the aforesaid tender by the plaintiff's attorney, he, as holder of the junior lien for attorney fees, offered to pay to the plaintiff the amount due on her claim so as to protect his junior lien for attorney fees, and that the plaintiff's attorney declined to disclose the amount claimed to be due the plaintiff and refused to permit the defendant to do so; that the defendant acted in good faith in the matter; and that the plaintiff was not entitled to recover any attorney fees for bad faith on his part.

Following the execution of the deed by the defendant Poole to Joanne W. Bowman, she filed her petition for leave to intervene in the cause on four counts, each count alleging her rights in the property by reason of an award of the same to her as a year's support, the verdict and decree of Fulton Superior Court finding void a certain quitclaim deed from her husband,

Frank K. Bowman, to Fred E. Bowman, the plaintiff's intestate, and the execution by the defendant Poole of the quit-claim deed to the intervenor subsequently to the former appearance of the case in this court revesting in her the equity in the property which she had before the deed under power of sale was executed, subject to the senior deed to secure debt transferred to the defendant Poole by Atlanta Federal Savings & Loan Association. Both the defendant Poole and the intervenor attack the loan deed upon which the plaintiff bases her right of action upon the grounds of: (1) forgery; (2) lack of consideration; (3) payment by rents and profits from the property received by the plaintiff and her intestate while in possession of the property; and (4) undue influence inducing its execution; and prayed that the said deed be declared null and void for each of said reasons, or, in the alternative, that an accounting be had to determine what, if anything, was still owing on the said debt, and offering to pay any amount that might be found by an accounting to be due on said note. To the defendant's answer and cross-bill and to the intervention, the plaintiff filed demurrers, which were overruled; and to these judgments and to the judgments allowing the intervention and overruling a motion to dismiss the same, the plaintiff excepts.

On the trial of the case, in answer to certain questions submitted by the trial judge, the jury found: (1) that the plaintiff was not entitled to recover attorney fees from the defendant; (2) that the security deed held by the plaintiff was a valid deed; and (3) that there was an unpaid outstanding balance in a stated amount due on the debt secured by said deed. Based upon these answers by the jury, the trial court entered a decree as follows:

"It is considered, ordered, adjudged and decreed as follows: 1. That the defendant have judgment against the plaintiff on the issue of attorney's fees raised by the prayers to plaintiff's petition. 2. The pleadings showing without dispute, and all the parties admitting, that the defendant voluntarily, by his own deed, prior to the trial, set aside the foreclosure attacked in the petition and restored the title to the property to Joanne W. Bowman, who was the owner of the property prior to the sale under power, no issue remains in the case and no decree is rendered on such prayers as relate to the foreclosure and

the deed in pursuance thereof. 3. The deed to secure debt recorded in Deed Book 2823, Page 352, Fulton County Records, and shown as Exhibit B to the petition, is hereby adjudged and decreed to be a valid instrument. It is further adjudged and decreed that the balance due secured by such instrument on the 5th day of June, 1957, is $40 principal and $315.80 interest. The defendant and the intervenor having on this day paid in to the clerk of this court the sum of $356 covering the amount of principal and interest as found by the jury, and future interest to the date of payment, the same is hereby adjudged and decreed to be full and final satisfaction of the aforesaid security deed and the Clerk of the Superior Court of Fulton County is hereby authorized and directed to record a certified copy of this decree as full and final satisfaction and cancellation of said deed to secure debt recorded in Deed Book 2823, Page 352, in the office of the Clerk of the Superior Court of Fulton County. 4. The plaintiff is entitled to withdraw the sum paid into court by the defendant and the intervenor at any time upon application, same being in full and final settlement of plaintiff's claim secured by the aforesaid deed to secure debt. 5. The plaintiff's claim being based upon the aforesaid deed to secure debt, which has now been fully satisfied, and there being no need at this time by any party for injunctive relief, the prayers for permanent injunction are all hereby denied. 6. The court costs in this matter are assessed against the plaintiff."

The plaintiff duly made an original and amended motion for new trial, which was denied by the trial judge, and to this judgment she also excepts. *Held*:

1. The bill of exceptions sets out various rulings and judgments by the trial court upon demurrers filed by the respective parties in the case, including the judgment on the demurrers of the defendant to the plaintiff's petition, which judgment has previously been reviewed by this court in *Bowman* v. *Poole*, 212 *Ga.* 261 (91 S. E. 2d 770), and assigns error thereon in the following language: "To these aforesaid judgments of the court, the plaintiff accepted [sic], and now accepts [sic] and assigns error thereon as being contrary to law and equity and says that the court erred in rendering each and every one of the aforesaid judgments, and erred in overruling said motion for new trial on each and all of the grounds therein

stated." Most of the demurrers interposed by the plaintiff were general demurrers, although some grounds thereof were addressed to particular paragraphs of the answer or to the petition for intervention; and some asserted that the allegations of particular paragraphs were merely conclusions of the pleader without alleging any facts to sustain them. The grounds of the demurrer relied upon by the plaintiff were that the amended answer of the defendant Poole and the intervention of Joanne W. Bowman were not germane to or defensive of the allegations of the plaintiff's petition, but bring in separate, distinct and independent matters. A motion was also made by the plaintiff to disallow and dismiss the intervention of Joanne W. Bowman upon the same grounds, and upon the additional ground that she was a stranger to the case with no interest in the subject matter thereof and was not entitled to intervene. While the principles of law insisted upon by the plaintiff are well established, they have no application here. The substance of the defendant's answer and cross-bill and of the intervention is set out in the foregoing statement of facts, and they are clearly germane to and defensive of the plaintiff's cause of action. In *Allen* v. *Mitchell*, 143 *Ga.* 476, 478 (85 S. E. 336), it is held: "In equity it is the general practice to permit strangers to a litigation, who claim and show an interest in such a matter, to intervene and assert and have established rights which would be affected by the decree in the case. . . Generally a court of equity will extend to one who is not a party to the bill the privilege of becoming a party, at his own instance, when from the case made it appears that the ends of justice would be subserved by it." See also *Ogletree* v. *Atkinson*, 195 *Ga.* 32 (1) (22 S. E. 2d 783); *State of Georgia* v. *Hiers*, 210 *Ga.* 348 (80 S. E. 2d 308). The exceptions to the rulings on demurrer and on the motion to dismiss the intervention are clearly without merit.

2. It was not error to strike and delete paragraph 52 of the plaintiff's amendment to her petition, which contained a quotation of the statement of facts as made by this court in *Bowman* v. *Poole*, 212 *Ga.* 261 (91 S. E. 2d 770).

3. The exceptions to the judgment striking an amendment to the plaintiff's petition allowed on June 4, 1957, cannot be considered, since neither the bill of exceptions nor the record contains such an amendment.

4. Ground 1 of the amended motion for new trial assigns error on the failure of the court to give in charge to the jury a written request which contained a charge with respect to the validity of the sale under power in the security deed held by the defendant as transferee, and of the deed made pursuant thereto. Since this issue, originally in the case, was eliminated by the voluntary execution of the quitclaim deed by the defendant, which recited that "The purpose and effect of this deed shall be to cancel and set aside the sale under power and deed made pursuant thereto, and to revest the title exactly as it was before such sale and the execution of such deed," subsequently to the prior decision of this court in this case, this portion of the request was not pertinent; and where, as here, the request to charge contains several propositions, one or more of which are incorrect, the judge may refuse the entire request. *Pool v. State*, 87 *Ga.* 526, 530 (3) (13 S. E. 556); *Grace* v. *McKinney*, 112 *Ga.* 425 (1) (37 S. E. 737); *Smith* v. *State*, 202 *Ga.* 851, 862 (6) (45 S. E. 2d 267).

5. Grounds 2 through 17 of the amended motion for a new trial complain of failures to charge and of certain excerpts from the charge. Several of these grounds are so general and indefinite that they present no question for decision, as, for example, ground 2, which is as follows: "Because the court erred in that he did not charge the law covering the substantial issues made by plaintiff's petition. It was also error for the reason that same was harmful and prejudicial to plaintiff." Ground 3 complains because the court "did not give in his charge to the jury with reasonable fullness and clearness, material and substantial contention made by plaintiff." Grounds 4 and 5 are of a similar nature. Ground 6 complains because the court failed to submit to the jury the question of the plaintiff's right to recover attorney fees from the intervenor because of bad faith on her part in filing her intervention. These grounds (2, 3, 4, 5 and 6) are clearly without merit.

6. Grounds 7, 8, 9, 12, 16, and 17 of the amended motion for new trial complain of certain excerpts from the charge on the ground that they were not authorized by the pleadings or evidence. These grounds have been carefully considered, and various allegations of the pleadings and the evidence in support thereof could be set out to show the utter lack of any

merit in any of these grounds; but to do so would serve no useful purpose and would only unnecessarily lengthen this opinion. Suffice it to say that such excerpts were supported by both the pleadings and the evidence and are not erroneous for the reasons assigned.

7. Special ground 10 complains of an excerpt from the charge because the trial judge did not submit to the jury other issues. A correct charge is not rendered erroneous by failure to give in charge some other pertinent proposition. *Griffin* v. *State*, 183 *Ga.* 775, 778 (3) (190 S. E. 2); *Walker* v. *State*, 199 *Ga.* 418, 424 (34 S. E. 2d 446).

8. Special ground 13 complains of that portion of the charge of the court submitting certain questions to be answered by the jury, on the ground that there were no pleadings upon which to base such questions and no evidence upon which the jury could base answers thereto; and upon the further ground that the same were in disobedience to the law of the case as laid down by this court in *Bowman* v. *Poole,* 212 *Ga.* 261 (91 S. E. 2d 770). This ground is also without merit, for, as held in *City of Atlanta* v. *Carroll,* 194 *Ga.* 172 (2) (21 S. E. 2d 86), "Objections to the submission by the judge of questions to the jury for the rendition of a special verdict in an equity cause, under the Code, § 37-1104, can not be made for the first time in a motion for new trial; but as to any improperly submitted or omitted question, the attention of the judge should first have been called thereto at the time the questions were submitted. *McWhorter* v. *Ford,* 142 *Ga.* 554 (5a) (83 S. E. 134); *Brown* v. *Brown,* 192 *Ga.* 852, 858 (16 S. E. 2d 853); *Jefferson* v. *Hamilton,* 69 *Ga.* 401." See also *Everette* v. *Mahaffey,* 208 *Ga.* 775 (69 S. E. 2d 769).

9. Grounds of the amended motion for new trial not specifically dealt with have been carefully considered and are held to be without merit. There was evidence to support the verdict, and the trial judge did not err in denying the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

ARGUED JANUARY 15, 1958—DECIDED FEBRUARY 10, 1958—REHEARING DENIED MARCH 7, 1958.

*James L. Moore,* for plaintiff in error.

*Ed Pearce, Margaret H. Fairleigh, Poole, Pearce & Hall,* contra.