### 20666. BOWMAN *v.* BOWMAN *et al.*

MOBLEY, Justice. The exception is to a judgment of the Superior Court of DeKalb County sustaining a general demurrer to the petition, which sought to have declared null and void and to set aside a judgment of that court rendered on June 5, 1957, in case number 19365 of the DeKalb Superior Court, a proceeding brought by this plaintiff against this defendant, and affirmed by this court. *Bowman* v. *Poole,* 213 *Ga.* 867 (102 S. E. 2d 561). In substance the petition alleges that the judgment of the trial court, which the plaintiff asks to be set

aside, should be declared null and void and should be set aside because errors were made by the trial court in the trial of that case and by the Supreme Court in affirming the judgment of the trial court, as well as in other cases between these parties involving the real estate in controversy. *Held:* The plaintiff appealed from the decree of June 5, 1957, about which he is now complaining; and this court in *Bowman* v. *Poole,* 213 *Ga.* 867 (102 S. E. 2d 561), affirmed the judgment of the trial court. "Under the doctrine of res judicata, a judgment of a court of competent jurisdiction is conclusive between the same parties and their privies, as to all matters which were put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside. *Sumner* v. *Sumner,* 186 *Ga.* 390 (197 S. E. 833); Code § 110-501." *Hubbard* v. *Whatley,* 200 *Ga.* 751, 758 (2) (38 S. E. 2d 738). Suffice it to say that all matters raised by this petition were either put in issue by the trial of the case in which the judgment complained of was rendered or might have been put in issue in that case. As to alleged errors of this court in affirming the judgment complained of, we must reiterate what was said by this court in *Lankford* v. *Holton,* 196 *Ga.* 631, 633 (27 S. E. 2d 310): "All questions between parties once and finally settled by a solemn decree must be considered as an end to the litigation. They cannot be relitigated in other actions directly or indirectly. Final judgments of this court cannot be reviewed between the same parties in the superior court or on writ of error to this court. One of the prime objects of judicial procedure is to forever settle and end disputes between litigants, and courts never look with favor on the unnecessary prolongation of litigation, and particularly disapprove attempts to ignore or evade binding judgments." If this plaintiff can now say that this court committed error in its previous decision in affirming the judgment of the trial court, which she is attempting to set aside, the judgments of a court of final resort would be meaningless, appeals unavailing, and this court useless. As pointed out in *Bowman* v. *Poole,* 213 *Ga.* 867, supra, litigation involving this property has been in progress about twelve years. "It is certainly to the interest of parties, as well as the public, that there should be an end of litigation. One great purpose in establishing this court was to terminate suits. . . Liti-

gation should never be protracted where this, with due regard to the rights of parties, can possibly be avoided. *Interest rei publicae ut sit finis litium* [It is of advantage to the public that there be an end of litigation] is a maxim so old that its origin is hidden in a remote antiquity, and the policy which it inculcates is so essential as not to admit of question or dispute." *Harris* v. *Hull*, 70 *Ga.* 831, 838. The trial court properly sustained the general demurrer to the petition.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 14, 1959—DECIDED NOVEMBER 4, 1959— REHEARING DENIED NOVEMBER 19, 1959.

*Jas. L. Moore,* for plaintiff in error.
*Poole, Pearce & Hall, John J. Poole, Margaret H. Fairleigh,* contra.