### 50955. KING v. CALHOUN FIRST NATIONAL BANK et al.

MARSHALL, Judge.

This appeal arises from a judgment on the pleadings adverse to appellant, Mrs. Jane King, third-party defendant below. The pleadings indicate that Donald King, third-party plaintiff and defendant below, obtained a loan on or about May, 1972, from the Calhoun First National Bank. He pledged as security a used 1971 Ford LTD automobile and a new 1973 Thunderbird automobile. Subsequent to the negotiation of this loan, Mrs. Jane King obtained a judgment in October, 1974, in the Superior Court of Gordon County against Donald King by which she was awarded title to the 1973 Thunderbird. By virtue of that same judgment, Jane King was ordered to be responsible for the payment of the above described debt owed to the Calhoun First National Bank. Jane King possessed a certificate of title to the 1973 Thunderbird automobile, dated in March, 1973, which does not reflect a lien interest of any sort.

After transfer of the title and debt obligation to Jane King in October, 1974, Donald King failed to make

---

[2]"How frail and fallible is memory!" Lumpkin, J., in *Miller v. Cotten,* 5 Ga. 341, 348.

additional payments on the indebtedness to the bank. Therefore, the bank in November, 1974, filed suit against Donald King asking for judgment against Donald King in the amount of $920.58, the remaining unpaid balance on the promissory note. Donald King filed an answer admitting the indebtedness and also filed a third-party complaint against Jane King, pleading the intervening judgment making Jane King liable for the indebtedness. Jane King answered admitting the existence of the debt but denying she had any obligation therefor or that the bank had a valid security interest in the 1973 Thunderbird automobile in the absence of any notation on her certificate of title of any existing, unsatisfied lien.

At the trial, the bank moved the court for an order for judgment on the pleadings. This motion was granted. The court further found that the defendant, Donald King, was entitled to the relief sought in his third-party complaint against Jane King. The court then ordered that the bank have judgment against Donald King in the amount of $920.58, and that Donald King have judgment against Jane King in the same amount. Appellant Jane King brings this appeal with the single enumeration that the trial court erred in granting judgment for the defendant and third-party plaintiff, Donald King, and against appellant, Jane King, upon the premise that the plaintiff appellee bank had no valid security interest in the 1973 Thunderbird automobile. *Held:*

Appellant has misconceived her remedy, assuming she has one. So far as the pleadings reflect, the judgment of the Superior Court of Gordon County in October, 1974, made appellant responsible for the payment of the debt owing by Donald King to the bank. There is no indication that the court, when awarding title of the 1973 Thunderbird to Jane King, ordered that the title was awarded subject to an indebtedness. She simply was made responsible for the debt, without specifying how the debt was to be paid. Appellant has not furnished this court with any evidence of attack upon the validity of the judgment making her responsible for the indebtedness. The judgment of a court of competent jurisdiction is conclusive as between the same parties and their privies, as to all matters which were put in issue, or which under

rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside. *Bowman v. Bowman,* 215 Ga. 560, 561 (111 SE2d 226); Code § 110-501.

The record presented to this court for review does not contain a copy of the judgment and order of the Superior Court of Gordon County in case number 9183, dated October 9, 1974, which purportedly made appellant liable for Donald King's indebtedness to the bank. By her notice of appeal, appellant directed the clerk not to prepare or forward a transcript of the evidence and proceedings before the trial court to this court for review. As we do not have before us a transcript embracing the evidence and/or documents presented to the trial court, we cannot consider the force and legal effect of the judgment of October 9, 1974. However, we can and do assume that the trial court's decision was based upon sufficient evidence. *Baldwin v. Grimes,* 219 Ga. 68 (131 SE2d 563); *Greene v. McIntyre,* 119 Ga. App. 296 (167 SE2d 203).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

Submitted September 15, 1975 — Decided October 21, 1975.

*Edge & Edge, Eugene F. Edge,* for appellant.
*William P. Bailey, Harl C. Duffey, Jr.,* for appellees.