J. H. JEWETT, for use, etc., v. DAVID GRAHAM.

PLEADING. *Evidence. Profert in declaration. Burden of Proof.* Where a declaration upon a note makes profert of the same, a plea of *nil debit* makes a direct and general issue as to any indebtedness *at all* on the note, and it devolves upon the plaintiff to produce evidence of debt.

Cases cited: 2 Green., ?281a; Steph. Plead, 162; Car. L. S., ?212.

FROM OVERTON.

Appeal from the Circuit Court. S. M. FITE, Judge.

J. H. Jewett, for use, etc., v. David Graham.

J. H. WINDLE and J. D. GOODPASTURE for Jewett.

ROBT. A. COX for Graham.

SNEED, J., delivered the opinion of the Court.

The plaintiff declared upon a note of which the declaration makes profert, and which it describes. The pleas were *nil debit*, payment and failure of consideration. The note was not produced on the trial, though its production was demanded by the defendant. There was no evidence whatever, and the trial was had upon the pleadings—there being no pleadings except the declaration and the pleas aforesaid. The verdict and judgment were for the plaintiff for the amount of the note as described in the declaration. The defendant has appealed in error.

The Court charged the jury as follows: "The plaintiff sets forth his cause of action in his declaration, as founded on a note described in the declaration. To this the defendant pleads, first, *nil debit*; that is, that he does not owe the debt; second, payment, that is, that he has paid the note mentioned and described in the declaration; thirdly, a failure of the consideration of the note. If no evidence has been introduced, you will consider the case upon the pleadings of the parties. It is a rule of pleading, that whatever is averred by one party, and is not denied by the other, is admitted. The defendant's first plea of *nil debit* does not amount to a denial of the execution of the note described in the declaration, for its execution could not be denied except by plea under oath; the plea of payment admits the

2—vol. 3.

execution of the note, and sets up payment by way of avoidance, and the burden of proof is on defendant as to the payment of the note. He then filed a plea of failure of consideration. This also admits the execution of the note, and sets up in avoidance that the consideration of the note has failed. Under this plea the burden of proof as to the failure of consideration is also on defendant. Hence, if no evidence has been introduced in this case, you will look to the declaration for a description of the note, and give the plaintiff a verdict for the amount of the note, and interest thereon."

We think his Honor, the Circuit Judge, has misapplied the rule of pleading in this case, and so far as it affects the plea of *nil debit*. The *gravamen* of the action, as set forth in the declaration, is an indebtedness by the defendant to the plaintiff, in the sum of money due by a promissory note described in the declaration. The declaration makes profert of the note, but profert is a mere notice or assurance to the Court and the defendant that the note is at hand, and ready to be produced upon oyer demanded, in the progress of the pleading, or in evidence upon the trial. The averments of the declaration are not evidence, except when they are admitted in fact, or by implication of law on a failure to traverse them. Now the plea of *nil debit* to an action like this to recover a debt puts in issue, not the execution of the note, but the existence of the debt. The note may exist, but its production may show that it is void upon its face for immorality or illegality, or credits endorsed

upon it may show that it has been extinguished by payments, and ought to be surrendered to the maker. This plea of *nil debit* then, making a direct and general issue as to any indebtedness *at all* on the note described, it devolves on the plaintiff to produce his evidence of debt, and show how it is.   Whatever is alleged and denied must be proven.   This is the rule.   2 Greenleaf on Evidence, §281*a*.   The allegation of the plea of *nil debit* is that the defendant does not owe the plaintiff as charged, and the plea is adapted to almost any defence which tends to deny an existing debt as charged—as a release, satisfaction, arbitrament, partial payment—or that the note is void on its face.   Steph. Pl., 162. The plea admits the note, but denies any liability upon it.    Car. L. S., §212.   The note must then be produced as the evidence of debt, that when so produced, the Court and jury may see whether the declaration or the plea be true.

Reverse the judgment.