WOODRUFF vs. WILKINSON & HATCHER.

1. The verdict is supported by the evidence.
2. The defendant in *fi. fa.* is not a party to the issue between the claimant and the plaintiff, and on the trial of the claim case, his death does not prevent certain third parties from testifying that they made a trade with him concerning the property in controversy.
3. Fraud is subtle, and slight circumstances are sufficient to show it, particularly in family transactions.
(a.) Where a horse was levied on as belonging to a son, and was claimed by his mother, who claimed under a gift from his father, it was admissible to show that the father had previously advised the wife

of his son to put in a claim to the same horse against the same execution, for the purpose of showing fraud.

Judgment affirmed.

March 4, 1884.

JACKSON, Chief Justice.

[A *fi. fa.* in favor of Wilkinson & Hatcher was levied on a horse as the property of Walter Woodruff, and a claim was interposed by his mother, Mrs. S. M. Woodruff. On the trial, the evidence for the plaintiff was, in brief, as follows: Defendant in *fi. fa.* had possession, and was using the horse levied on, since the rendition of the judgment. He exchanged a mule with one Jones for this horse; said nothing about the mule not belonging to him.

The evidence for the claimant was, in brief, as follows: The mule which was exchanged for the horse did not belong to defendant in *fi. fa.*, but to the claimant, his mother. His father bought the mule and gave it to his mother, but loaned it to defendant to make a crop with. The father told defendant's wife to look after the mule, and not let defendant drive it too hard. He authorized the exchange for the horse. He admitted that the wife of the defendant in *fi. fa.* at one time interposed a claim to the horse at his instance, and explained it by saying that he told her to see that the horse was not driven too hard and was properly taken care of, and she did put in a claim, believing that, as the horse had been entrusted to her care, she had a right to do so.

The jury found the property subject. Claimant moved for a new trial, on the following among other grounds:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court permitted counsel for plaintiff to ask the following question of the defendant's father while on the stand, and admitted the reply thereto: "Did not Dora, the wife of Walter, at one time, at your request, put a claim in for said horse, when it had been levied on, and

did you not tell Colonel Butt and E. W. Miller that it was Dora's horse, and that you advised her to put in the claim?"—Objected to as irrelevant, and because the record of the claim would be higher evidence.

(3.) Because the court refused to rule out the evidence of Jones, who had exchanged the horse in controversy with defendant in *fi. fa.* for a mule, and also the testimony of one McCuller, who testified to the exchange.—The objection was that defendant in *fi. fa.* was dead.

The motion was overruled, and claimant excepted.]