268 S.W.2d 97 (1954)
EVERS
v.
HOLLMAN et al.
Supreme Court of Tennessee.
March 3, 1954.
On Petition to Rehear May 21, 1954.
*99 Freemon & Freemon, Lawrenceburg, for plaintiff in error.
Harwell & Boston, Lock & Holtsford, Lawrenceburg, for defendants in error.
TOMLINSON, Justice.
This case is erroneously styled in that the beer board, not Miss Annie Evers, is the plaintiff-in-error.
Miss Evers, defendant-in-error here, challenges the authority of the acting Beer Board of Lawrence County to revoke her permit to sell beer, or to hear charges which, if found to be true, would authorize the revocation of her permit. The basis of this insistence was, and is, that this Beer Board was appointed by the County Judge from the membership of the Quarterly Court rather than elected by the Quarterly Court; hence, that the appointment was void. The language of the statute is that the Beer Board shall consist of the Quarterly Court or of a "Board created by any Quarterly County Court". The Beer Board overruled this insistence, and, after an extensive hearing, found that she had been selling beer to minors. It ordered the revocation of her permit.
Upon the hearing in the Circuit Court in proceedings under the common law writ of certiorari, as required in these beer cases, it was held that "the purported Lawrence County Beer Board was not properly elected by the Lawrence County Quarterly Court, and any action by this Beer Board was null and void", and that its order of revocation "be vacated".
The appeal in error of the Beer Board presents a number of insistences as to why this action of the Circuit Court is error.
Before any hearing was had, Miss Evers moved that the charges made against her be dismissed because the Beer Board, consisting of three members of the Quarterly Court, was appointed by the County Judge instead of being elected by the Quarterly Court, such appointment being pursuant to a resolution of the Quarterly Court that the County Judge appoint the Beer Board. There was copied in the face of the motion what is alleged therein to be a minute of the Quarterly Court supporting the allegation made. No evidence in support of this allegation was offered.
It is manifest from that just said that a rather formidable barrier stands in the way of determining whether the action of this Beer Board is void for the reason alleged in the motion. This is because a motion is nothing more than a pleading. A pleading, nothing else appearing, is not evidence. Jewett v. Graham, 62 Tenn. 16; Overton v. State, 165 Tenn. 575, 579, 56 S.W.2d 740.
However, we think that possibly there is in the record that which is sufficient to justify the conclusion that the parties proceeded on this question in the hearing before the Beer Board under the assumption that the above mentioned allegation of this motion is true. Hence, we will consider this allegation as proved. Jewett v. Graham, supra, 62 Tenn. at page 18: "The averments of the declaration are not evidence, except when they are admitted in fact, or by implication of law on a failure to traverse them." Accordingly, we reach the question of whether this order of this acting Beer Board is void as to Miss Evers.
In considering the question stated, it should be noticed that we are not dealing with an office which has no existence. We are dealing with an office which has been created by law. The duties which these three Justices of the Peace, acting as a Board, undertook to perform, and the power which they, as such Board, presumed to exercise, were duties and powers assigned by law to such a Board. The only complaint made is that they were not appointed members of such Board by the proper authority.
Under the established facts immediately above stated, these Justices of the Peace acting, as such a Board, were not less than officers de facto. "`An officer de facto is one whose acts, * * * were exercised, *100 * * * under color of a known election or appointment, void because the officer was not eligible, or because there was a want of power in the electing or appointing body, or by reason of some defect or irregularity in its exercise, such ineligibility, want of power, or defect being unknown to the public; * * *.'" Heard v. Elliott, 116 Tenn. 150, 154-155, 92 S.W. 764, 765.
In direct point also is the holding of McLean v. State, 55 Tenn. 22, 249-250, where it is held that "it is a mistake to assume that to constitute a good officer de facto, he must be appointed or elected by the proper authority. The appointment of Horace Maynard, Judge of the Supreme Court, is in point. This court held that the Governor had no authority to make the appointment in the manner he did. Maynard acted under the Governor's commission; no proceeding was instituted to remove him; and as to third persons, his acts were to be regarded as the acts of an officer de facto."
At least as far back as Bates v. Dyer, 28 Tenn. 162, 163, it was held that "from public necessity, the acts of a public officer, exercising his office de facto, though not de jure, are valid as to third persons, and cannot be controverted in a collateral issue such as this." We are referred to no authority to the contrary, and find none. The question is exhaustively discussed in Ridout v. State, 161 Tenn. 248, 30 S.W.2d 255, 71 A.L.R. 830, where it is shown that the above stated holding is the law of this State.
Miss Evers' collateral attack upon the appointment of the members of this Beer Board is ruled by the authorities stated. It results, therefore, that the action of this Beer Board in revoking her permit to sell beer, if sustained by any material evidence, must be regarded as valid in this collateral proceedings, regardless of whether the appointment by the County Judge was legal or illegal.
There is material testimony in this record to sustain the findings of this Beer Board that Miss Evers was selling beer to minors. Such sales violated the law, Section 1191.14 Code Supplement. Since Courts are not permitted to disturb the findings of the Board if supported by any material evidence, Putnam County Beer Board v. Speck, 184 Tenn. 616, 621, 201 S.W.2d 991, the result is that the judgment of the Circuit Court vacating the revocation order of the Beer Board must be reversed, and the order of the Beer Board revoking the beer permit of Miss Evers be reinstated. The cause will be remanded for any further necessary proceedings. The costs will be adjudged against Miss Evers.

On Petition to Rehear.
The petition to rehear expresses disagreement with this Court's conclusion that the Beer Committee was not less than a de facto committee whose jurisdiction of the matter involved here could not be attacked collaterally. The Court is satisfied with its conclusion on the point. It can, however, add nothing to that already said further than to cite additional authorities. But this seems to be unnecessary, other than to call attention to the fact that as late as December, 1953 this Court expressly held that the action of a Beer Board in revoking a permit could not be attacked on the ground that the Beer Board had not been legally elected. Crowe v. Carter County, 195 Tenn. 659, 263 S.W.2d 509. It should be said that neither counsel nor the Court below had the advantage of this opinion in the instant proceedings. This is because that opinion had not then been announced.
The failure of the Court to determine whether this Beer Committee is a de jure committee is criticized. Since its jurisdiction as a de facto committee with reference to the question involved could not be collaterally attacked by Miss Evers, it became immaterial in this case as to whether or not it was a de jure committee. Generally speaking, courts seek to avoid decision of an immaterial question for the same reason, on principle, that evidence immaterial to any issue of a case is excluded.
*101 The next complaint made is that the Court erroneously considered "evidence before the purported Beer Board" in holding it to be a de facto committee. We thought that we went to extremes in order to give Miss Evers an opportunity to have considered on its merits her insistence that this Beer Board was without authority to revoke her permit.
When Miss Evers was cited to show cause why her permit should not be revoked for the reasons stated in the citation she made a motion which, for her benefit, we treated as a plea in abatement. That plea was that this Beer Board is an illegal organization in that its members were appointed by the chairman of the Quarterly Court instead of being elected by that Court. Of course, the burden was upon Miss Evers to sustain the allegations of her plea. The record certioraried to the Circuit Court did not reflect that she introduced any evidence to support this allegation of her plea. Nevertheless, we proceeded to determine the merits of this plea on the theory, as stated in the opinion, that all parties seemed to assume these allegations to be true. It was for Miss Evers' benefit that we assumed to be true, though not supported by any evidence, this allegation of fact made in her motion which had to be treated as a plea in abatement in order to receive any consideration.
The Circuit Court vacated the Beer Board's order revoking Miss Evers' permit to sell beer. It did this on the theory that the Beer Board had been illegally appointed and that Miss Evers could challenge its authority in these proceedings. When this Court concluded that Miss Evers could not challenge its jurisdiction in these proceedings it then directed the restoration of the Beer Board's order of revocation. The petition to rehear most earnestly insists that this was error in that it deprived Miss Evers, to use the language of the petition, "of her right to have the evidence introduced by all the parties before the Beer Board considered by the Circuit Judge". This insistence is based upon what we are sure counsel, upon reflection, will recognize as an erroneous conception of the law applicable.
The only way a person may procure a review by the Circuit Court of a Beer Board's order revoking his or her permit to sell beer is by petition for the common law writ of certiorari, Section 1191.14 Code Supplement. In such proceedings the Circuit Court is without authority to weigh the evidence. It may review the evidence solely for the purpose, and to the extent, of determining whether any of it that is material supports the action of the Beer Board. If the record contains such supporting evidence the Circuit Court may not disturb the Beer Board's action. Putnam County Beer Board v. Speck, cited in the original opinion.
Miss Evers reflected in her petition for certiorari the same erroneous conception of the law on the point being discussed as she does in this her petition to rehear. Her petition for certiorari does not allege that the Board's revocation order is unsupported by material evidence. On the other hand, by necessary inference it concedes that this order is supported by material evidence. The statement in the petition for certiorari is that "the proof on her behalf will disclose that she overturned and rebutted the proof offered against her". This made no issue, since the Circuit Court is without authority to determine whether the proof on her behalf overturned the proof against her. Its authority, as heretofore noted, is limited to the ascertainment of whether the record reflected material evidence supporting the Board's order.
Now for this Court to have remanded this case in order that the Circuit Court might weigh the evidence, as the petition to rehear insists, will amount to nothing less than a remand of the case for a consideration by the Circuit Court of a question which the Circuit Court has no jurisdiction to consider.
For the reasons stated, the petition to rehear must be denied.