### 19220. BUCHER *et al.* v. MURRAY.

HAWKINS, Justice. This was an equitable petition brought by J. G. (Gordon) Murray to set aside and cancel a deed executed by him to Minnie M. Bucher and Irene Spikes, upon the ground that the execution thereof was fraudulently induced, it being alleged that the sole consideration therefor was the joint promise and agreement on the part of the grantees to support, maintain, provide, and care for one Mrs. Fannie Christopher for the remainder of her natural life; that this promise was made by the defendants fraudulently and for the purpose of securing the signature of the grantor to the conveyance, and that the defendants never intended to comply with their agreement, and had failed and refused to do so. When the case was here on demurrer we held that the allegations of the petition were sufficient to state a cause of action against these defendants upon the ground of inceptive fraud, which would authorize the cancellation of the deed. Upon the trial of the case on its merits, the jury returned a verdict for the plaintiff. To the judgments denying the defendants' motion for a new trial and their motion for a judgment notwithstanding verdict the defendants excepted. *Held:*

1. Under the ruling made when this case was here on demurrer (*Bucher* v. *Christopher*, 211 *Ga.* 317, 85 S. E. 2d 760), the mere breach of a verbal promise such as that alleged to have been made by the defendants in the present case would not constitute such fraud as would authorize the cancellation of the deed, unless the promise was made with the present

intention on the part of the promissors not to comply with it. See also *Brinson* v. *Hester,* 185 *Ga.* 761 (196 S. E. 412). It was therefore error, as complained of in grounds 5 and 6 of the defendants' motion for a new trial, for the trial court to charge the jury, "If you should find that such a promise was made and the defendants did not live up to it, then you should find for the plaintiff."

(*a*) While, as pointed out by ground 6 of the motion for a new trial, the trial court in another portion of the charge correctly instructed the jury that, if they should find that it was the intention of the defendants to comply with such promise at the time it was made, if any such promise was made, they should find in favor of the defendants, these two portions of the charge are in direct conflict one with the other, and the jury was not informed as to which of the conflicting principles was correct and applicable and which should be disregarded. Such an erroneous charge requires the grant of a new trial. *Savannah Electric Co.* v. *McClelland,* 128 *Ga.* 87 (57 S. E. 91); *Morris* v. *Warlick,* 118 *Ga.* 421 (2) (45 S. E. 407).

2. Since the fraud alleged, and which would authorize a recovery by the plaintiff in this case, is inceptive or actual fraud, that portion of the charge complained of in the 7th ground of the motion for new trial, which' dealt with legal or constructive fraud, was not properly adjusted to the issues presented by the pleadings and the evidence, and should not have been given. *Central Georgia Power Co.* v. *Cornwell,* 139 *Ga.* 1 (76 S. E. 387, Ann. Cas. 1914A, 880).

3. The defendants, by their pleadings and evidence, denied that any such promise or contract as that alleged by the plaintiff was made or entered into by them as an inducement and consideration for the execution of the deed by the plaintiff, and the evidence on this question was in sharp conflict. There was also conflicting evidence as to whether or not the defendants had complied with the terms of the contract, if in fact it was made; and while the proof submitted by the plaintiff to the effect that they had failed to comply therewith would not alone and of itself be sufficient to establish a present fraudulent intent not to comply therewith at the time it was made (*Brinson* v. *Hester,* 185 *Ga.* 761, 196 S. E. 412, supra; *Pantone* v. *Pantone,* 203 *Ga.* 347, 46 S. E. 2d 498; *Dixon* v. *Dixon,* 211 *Ga.* 557, 87 S. E. 2d 369), this proof, coupled with the contention of the defendants that no such contract was ever made, and the other facts and circumstances shown by the evidence for the plaintiff as to the time, place, way and manner in which the deed was prepared, executed, and attested, the quantity of land conveyed, and the nominal consideration expressed in the deed, would authorize the jury to infer, although it would not require them to find, that the defendants never intended to do that which they contend they had never agreed to do. Code § 37-706 provides: "Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." Rarely, if ever, can a fraudulent intent be shown by direct proof, and where, as in this case, transactions between relatives are under review, slight circumstances are often sufficient to induce belief on the part of the jury that there was fraud between the parties. *Woodruff* v. *Wilkinson & Hatcher,* 73 *Ga.* 115 (3); *Horton* v. *Johnson,* 192 *Ga.* 338, 346 (15 S. E. 2d 605); *Stow* v. *Hargrove,* 203 *Ga.* 735 (48 S. E. 2d 454). The trial judge did not err in overruling the general grounds of the motion for a

new trial and the defendants' motion for judgment notwithstanding the verdict.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 11, 1956—DECIDED FEBRUARY 15, 1956—
REHEARING DENIED FEBRUARY 29, 1956.

*L. A. Hargreaves, Franklin, Eberhardt, Barham & Coleman*, for plaintiff in error.

*E. R. Smith, Jr., Vickers Neugent*, contra.