George Franklin PINSON et al., Appellants,

v.

Fred DREYMALA et ux., Appellees.

No. 13331.

Court of Civil Appeals of Texas.

Houston.

Dec. 18, 1958.

Rehearing Denied Jan. 8, 1959.

Barrow, Bland, Robertson & Rehmet, and Jerry F. Lyons, Houston, for appellants.

Banister, Youngblood & Oakley, and T. W. Youngblood, Jr., Houston, for appellees.

BELL, Chief Justice.

This case involves a suit for damages that allegedly resulted to Fred Dreymala because of damage done to an automobile belonging to him. His automobile, at the time of its being in collision with a truck driven by George Franklin Pinson, was driven by his wife. To the petition filed by the appellees, the appellants filed an answer consisting of an exception and a general denial. The appellees, in order to meet the exception, filed an amended petition. No further answer was filed by appellants, thus leaving them with an answer consisting of a general denial. Trial was before the court without a jury. The court rendered judgment in favor of appellees for $252.28.

The trial court made its findings of fact and conclusions of law in response to the request of appellants. Without detailing them, it suffices to say that the court found that Mrs. Dreymala entered the intersection of Canal and 67th Streets on a green light. She was going to turn left on 67th Street, she having been driving east on Canal. Before Mrs. Dreymala completed her left turn, the control signal on Canal turned red so as to require traffic on Canal to stop. However, the driver of appellants' truck who was driving west on Canal, did not stop but entered the intersection on a red light.

The court concluded that since Mrs. Dreymala entered the intersection on a green light and commenced completing her turn after the signal light on Canal had changed to red, she was guilty of no act of negligence. It further found that five acts of negligence on the part of the truck driver were the proximate causes of the collision.

Appellants contend Mrs. Dreymala was guilty of contributory negligence as a matter of law in failing to keep a proper lookout and in failing to keep her automobile under proper control. They also contend the case should be reversed because the court erroneously concluded that since Mrs. Dreymala entered the intersection on a green light and commenced completing her left-hand turn, she was guilty of no act of negligence. They say the effect of such conclusion is to relieve her of any duty to keep a lookout whereas the law requires her even under such circumstances to keep a lookout.

Too, appellants assert erroneous action by the trial court in allowing the appellees' witness Parker to testify from plaintiff's Exhibit 1, which was allegedly a repair estimate for work done on the Dreymala automobile. Further, they say there was no evidence, or, alternatively, there was insufficient evidence to show the damage was $252.28. Lastly, they contend it was error to allow Mrs. Dreymala to testify as to the amount of damages.

Mrs. Dreymala testified she was driving her automobile east on Canal Street in the City of Houston. The appellants' driver was driving his truck west on Canal. A traffic control signal is at the intersection of Canal and 67th Street. It is suspended in the center of the intersection. Canal Street is wide enough to accommodate two lanes of traffic on each side of the center line. When Mrs. Dreymala reached the intersection of Canal and 67th Streets, the traffic signal controlling the movement of traffic on Canal was green. She entered the intersection and stopped about the cen-

ter so as to allow traffic proceeding west to pass. The traffic, she said, cleared and she started to completed her turn as the light controlling traffic on Canal had turned to red. When she was waiting to make her turn she was in the traffic lane next to the center of the street. When the light turned red, the traffic having cleared, she commenced her turn and appellants' truck struck her automobile. She saw the light as she commenced her turn because she had looked up at it. When the light turned red, she saw no vehicles coming toward her and she attempted to complete her turn. Her automobile had not gotten to rolling when the truck struck her car. The collision damaged the front fender, bumper, radiator, hood and lights on the right side of the Dreymala car. The left front side of appellants' truck came in contact with the right front side of the Dreymala car. Bob Robertson did the repair work. The cost of the repairs was $292. The bill presented to her was $292. She paid the bill. This included painting the car. Painting was necessary because her car was faded and the new paint on the repaired parts would not match the old paint on the balance of the car.

When the collision occurred her car was not even halfway over the center of Canal. When the light turned she saw no traffic; it had cleared. She didn't know where the truck came from. When the light changed to red she looked and didn't see the truck and started to complete her turn. The truck was bound to have been quite a way back when the light changed or she would have seen it. She first saw the truck when it hit her car. The truck was in the middle lane. The collision occurred about 3:00 or 3:15 in the afternoon. The collision didn't move her vehicle but a little. The truck and car after the collision remained in approximately the same place they were in at the time of the collision.

O. C. Cook, a witness for appellees, testified he was standing on the west side of 67th Street at the southwest corner

of the intersection. Mrs. Dreymala's car was stopped in the intersection. She entered the intersection on a green light. The light changed to red while she was in the intersection. The signal light controlling traffic on Canal was red when she began her left turn. He saw appellants' truck and it was 30 or 40 feet from the intersection when the light changed to red. At another point in his testimony, the witness stated the truck was back from the intersection 25 or 30 feet when the light changed to amber. He was measuring from where the street crossed. The driver of the truck was driving 30 to 35 miles per hour.

The driver of the truck, George Pinson, testified he entered the intersection when the light was green and as he got almost to Mrs. Dreymala she turned in front of him. He "hit" his brakes and slid into Mrs. Dreymala's car. He was driving 25 miles per hour when he "hit" his brakes. He hit his brakes about 15 feet from the intersection. If he had pulled to his right 18 inches he might have missed the car.

George L. Cain, a witness for the appellants, testified he saw the collision. He first saw Mrs. Dreymala's car in the intersection. The traffic light was green when she entered the intersection. The light on Canal was green when the truck entered the intersection.

This is in substance the evidence in the case apart from that of Everett L. Parker, the repair man for Bob Robertson. We will notice it at another point in this opinion.

Appellants cite us cases which undoubtedly establish that a person entering a street intersection on a green traffic control signal is not relieved of the duty of maintaining a lookout for other vehicles which might be entering the intersection even in violation of law. However, in none of the cases cited did the court hold as a matter of law under the facts of the particular case that there was a failure to keep a proper lookout that was a proximate cause

of the collision in question. Each was a case where there had been a fact finding on the issue of lookout and its being a proximate cause. It was, in those cases, being contended that since the plaintiff entered the intersection legally there was no duty to keep a lookout for those who might be entering the intersection illegally. The courts, however, held there was such a duty.

■ We have been concerned as to whether we can notice the matter of whether appellee, Mrs. Dreymala, was guilty of contributory negligence in failing to keep a proper lookout which was a proximate cause of the collision, because the appellants did not plead contributory negligence. This is an affirmative matter that must be pled under Rule 94, Texas Rules of Civil Procedure. There is nothing in the record of the case itself that indicates a trial of the issue of lookout except evidence was developed, as necessarily it would be, in connection with the development of all the facts surrounding the collision. There was no objection to such evidence on the ground of there being no pleading to support it. In the brief motion for judgment shown in the statement of facts the alleged failure of appellee, Mrs. Dreymala, to keep a proper lookout which was a proximate cause of the collision is not mentioned. The first mention of this is in appellants' motion for new trial. The brief of appellees seems to treat the matter as having been tried by consent, because the brief seeks affirmation of the judgment on the ground that where an issue is supported by pleading and evidence, or is tried by consent without pleading, and there is an omission to find a fact or make a conclusion as to the law, and there is no request for such, it will, under Rule 299, T.R.C.P., be presumed that the court found such omitted fact in a manner so as to support the judgment. We will, therefore, consider there was a trial of the issue of contributory negligence by consent.

■ We cannot say as a matter of law that failure to keep a proper lookout that

was a proximate cause of the collision was established by the evidence. There was sufficient evidence to raise a fact issue. The trier of the facts could within reason say that Mrs. Dreymala had she seen the truck, could well conclude, as a reasonable person, that, as some testimony showed, the truck was being driven at 25 miles per hour approaching a red traffic light, and being 35 feet back of the intersection, the driver would stop, or, at least, slow the truck so as to allow her to complete her turn. They could have concluded the failure to discover the truck was not a proximate cause of the collision. Appellees insist that under Rule 299, T.R.C.P., it will be presumed that the court, having made no specific finding on this defense and the appellants, having requested none, found the issue in a manner so as to support the judgment. This presumption obtains only where there has been a finding on one element of an independent ground of recovery and an omission to find the remaining elements. We think, however, that the failure of appellants to request additional findings of fact effects a waiver of the ground of defense no element of which has been found. McDonald on Texas Civil Practice, Sec. 16.09. This rule, of course, applies only where some findings of fact have been filed because it is well settled that where no findings have been filed and there is a statement of facts the court will be presumed to have found all facts necessary to support the judgment that find support in the evidence. In this case by not requesting additional findings of fact appellants waived this independent ground of defense, no element of which was found by the trial court.

■ Appellants assert there was no evidence to support the finding of the amount of the damages.

Mrs. Dreymala testified generally, as above shown, to the part of her automobile that was damaged. She then testified she paid Bob Robertson $292.28 for the repairs he made, including a paint job. There is no showing as to what the paint job itself cost. She does not even testify what make of automobile she had that was damaged. The pleadings show, but the pleadings are not evidence. One witness does testify the car driven by Mrs. Dreymala at the time of the collision was a Chevrolet.

Everett L. Parker, estimator for Bob Robertson, testified. An estimate of repairs on a car was shown him. The statement of facts does not show, except for the exhibit which was not admitted into evidence as substantive evidence, the name of the owner of the car upon which the estimate was made, nor does it show what make of car the estimate was on. The handwriting on the estimate was not Mr. Parker's. He had signed the estimate. He stated he always personally inspected the cars to be repaired to see that the necessary repairs were made that were necessary to put the car, as nearly as possible, back in as good shape as it was before the damage. However, the exhibit was not a part of his company's records. He testified the cost of making the repairs as shown on the exhibit was the reasonable cost of putting that car in as good a state of repair as before the damage. He testified the market value of the car would never be increased above what it was before such damage. It is to be noted that the witness stated he had no recollection at all of the automobile upon which the estimate purported to have been made. The exhibit was admitted purely for the purpose of refreshing the witness' memory. He stated it did not refresh his memory at all. There is no testimony by any one that these particular repairs were made to the Dreymala car. There is no testimony that as a result of the collision it was necessary to make these repairs. The exhibit was not proven up so as to be admissible.

The effect of the testimony is that the exhibit was a memorandum once signed by Mr. Parker in connection with an estimate for repairing damages to some automobile.

Parker could not testify from the memorandum because it in no way refreshed his memory and the memorandum was not in evidence, nor in the state of proof was it admissible. Freeland v. Peltier, Tex.Civ. App., 44 S.W.2d 404; Our Lady of Victory College & Academy v. Maxwell Steel Co., Tex.Civ.App., 278 S.W.2d 321.

We have concluded there was no evidence to sustain the court's finding as to the amount of damages. The exhibit is in the Statement of Facts, but it was admitted only for the purpose of refreshing the witness' recollection. We cannot consider it as substantive evidence.

We must reverse the case. However, it is apparent that on the issue of damages the case was not fully developed. We, therefore, reverse and remand the case for retrial.

On Appellees' Motion for Rehearing.

We remain of the view that the evidence will not sustain the damages found by the trial court.

In their motion for rehearing appellees have asked that if we should remain of the view that there was no proof supporting the damages as found by the trial court, we remand the case only on the damage issue. The damage issue is a part of the cause of action asserted and in this kind of case it is held that the cause of action should not be tried piecemeal. There may not be a severance of a part of the cause of action for trial separately from the whole cause. Texas Employers' Ins. Ass'n v. Lightfoot, 139 Tex. 304, 162 S.W.2d 929; Fisher v. Coastal Transport Co., 149 Tex. 224, 230 S.W.2d 522; Waples-Platter Co. v. Commercial Standard Ins. Co., Tex., 294 S.W.2d 375; Iley v. Hughes, District Judge, Tex., 311 S.W.2d 648.

Appellees' motion for rehearing is overruled.