## 22907.   SEARS v. SMITH.

DUCKWORTH, Chief Justice.   1.   The charge instructing the jury that the issue is to determine whether the true and correct line between the parties is the one contended for by the plaintiff, Mrs. Sears, or the one contended for by the defendant, Smith, was in full accord with the agreement of counsel in open court with the approval of the trial judge that "the jury should find in favor of either the line contended for by the plaintiff as shown on the Newton plat, plaintiff's Exhibit 4, or the line contended for by the defendant as shown on the Patton plat, defendant's Exhibit 11." While all the issues merged into and relate to the location of the dividing line as counsel had agreed, this charge was not tantamount to the court charging the jury it was the only issue where there were instructions on other issues. *Wrightsville & Tennille R. Co. v. Gornto*, 129 Ga. 204 (7) (58 SE 769) ; *Worsham v. Ligon*, 144 Ga. 707 (1) (87 SE 1025). The charge was not erroneous, and this ground is not meritorious.

2. The charge instructed the jury that while the burden was on the plaintiff to prove the case alleged by a preponderance of the evidence, this same rule of the burden of proof rested upon the defendant to prove the cross action, and it was a sound and correct instruction and is not rendered erroneous because the proofs required were different since they must fit the case as alleged. The jury could not have been misled by the charge.

3. The charge that the jury should reconcile conflicts in the evidence if they could, if there be such, however, if they should find this impossible then they should believe the evidence they thought most reasonable and credible, was not erroneous as

contended, that is, unsound as an abstract principle nor did it eliminate consideration of other evidence in the case, etc. As the ground is so completely without merit, it fails to call for further discussion.

4. The next amended ground again complains of the charge dealt with in 3 above, and also an excerpt instructing how to determine credibility of witnesses which is, in substance, in accord with *Code* § 38-107. The same argument attacking the first excerpt is repeated, and the attack upon the second is that it should have given the full of *Code* § 38-107: There was no request to charge fully, and what was given is correct. There is no error shown here. *Garner v. Wood,* 188 Ga. 463 (3), 465 (4 SE2d 137), and *Fountain v. McCallum,* 194 Ga. 269, 271 (12), 275 (21 SE2d 610), cited by counsel, are inapplicable since no error is shown in failing to charge *Code* § 38-107 verbatim, and the two instructions are not in conflict as ruled in *Bucher v. Murray,* 212 Ga. 259, 260 (1a) (91 SE2d 610), which likewise has no application.

5. There is an attack upon the following charge: "Now, gentlemen, regardless of the location of original lines or provisions of prior deeds, there are certain ways that the law provides that a legal boundary may be established between two tracts of land that are adjacent to each other." The ground of complaint is that the charge was error because it was an expression of opinion and the court did not elsewhere correct the error in the charge. *Code* § 81-1104 is not shown to have been violated by the trial judge, and this ground is without merit. The next ground complaining of a charge on how a boundary line may be established is likewise not an expression of opinion by the trial judge, nor was it unsound, misleading and confusing to the jury. It also is not meritorious.

6. The 10th ground complains because the court charged that the pleadings and statements of lawyers are not evidence and should not be considered unless supported by evidence. Pleadings per se are not evidence, nor are the verbal contentions of counsel, and neither should be considered unless supported by evidence. The charge is not erroneous as contended because a described amendment had been allowed, and the charge was not adjusted to the pleadings and the pre-trial order, placed a greater burden than the law requires, and was confusing and misleading. The attacks are without merit.

7. The next ground repeats the attacks on the charge dealt with

in 6 and a repeat of the charge that the jury should find the location of the dividing line and explains that the line of one is in red and that of the other is in blue on the respective plats. It is contended that since one of the plats was attached to an amendment of the pleadings the two charges were contradictory. Again, as in 4 above, *Bucher v. Murray,* 212 Ga. 259, 260 (1a), supra, has no application. The charges are not contradictory and there is no merit in this ground.

8. Another ground contends that it was error to fail to charge, without request, an argumentative instruction in which certain evidence is referred to and instructs as to what should be found if the jury finds such to be the evidence. It is doubtful if the lengthy charge would be required, if requested in writing, and undoubtedly it was not error to fail to so charge in the absence of a request. *Central of Ga. R. Co. v. McKinney,* 118 Ga. 535 (45 SE 430); *Jones v. McElroy,* 134 Ga. 857 (3) (68 SE 729, 137 ASR 276).

9. It was not error to fail to charge without request *Code* § 38-1708 as to the opinion of witnesses simply because the court had elsewhere charged on opinion evidence. This ground is without merit.

10. Complaint is made of the charge on testimony of expert witnesses on the grounds that it was incorrect, confusing and prejudicial. We find no merit in the complaint and hold that the charge was not erroneous.

11. The correct charge on prescriptive title by actual possession under "a bona fide written evidence of title" for seven years was not subject to the lengthy criticisms made, and the failure to charge other instructions without request would not make the above instruction erroneous.

12. The evidence was sufficient to support the verdict, and the general grounds are without merit. Hence, for all of the above reasons the court did not err in overruling the motion for new trial, as amended.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 12, 1965—DECIDED MAY 6, 1965—
REHEARING DENIED MAY 18, 1965.

*Joseph H. Blackshear,* for plaintiff in error.
*Perry S. Oliver,* contra.

This case involves an action for injunctive relief to prevent a

continuing trespass, the cutting of timber and the irreparable harm, injury and damage resulting from said trespass upon petitioner's land. The defendant, who is the adjoining property owner to the petitioner, filed an answer denying, in the main, the allegations of the petition, and a cross action alleging, in substance, acts of trespass and irreparable harm and injury resulting from the petitioner continuously trespassing on his land. The parties both claim title to and possession of a small strip of land lying between their respective claims as to the location of the dividing line between their respective properties. A pretrial conference was held in which it was established that the issue was the location of their respective lands and the correct dividing line by (a) adverse possession, (b) acquiescence, or (c) title by deed. The parties stipulated that they are the owners of contiguous tracts "and the only issue is location of the land line," and might introduce deeds and plats in their respective chains of title without proof of authenticity. After a trial, the jury returned a verdict in favor of the defendant, and a decree was entered permanently establishing the dividing line claimed by the defendant, and the plaintiff was enjoined from trespassing across it. A motion for new trial was duly made, filed, and later amended, and, after a hearing, overruled. The exception is to this judgment.