[Civ. No. 22833.   First Dist., Div. Three.   Apr. 25, 1966.]

DOROTHY B. VAUGHN, Plaintiff and Respondent, v. ORLANDO COCCIMIGLIO et al., Defendants and Appellants.

Morken & Henze, John S. Morken and Thomas E. Henze for Defendants and Appellants.

Douglas R. Page for Plaintiff and Respondent.

DRAPER, P. J.—Defendants answered ready when the case was called for trial. No evidence was introduced. Nonetheless, the court entered findings of fact, conclusions of law, and judgment in favor of plaintiff. Defendants appeal. The judgment is based upon an erroneous application of the presumption that ''evidence wilfully suppressed would be adverse if produced'' (Code Civ. Proc., § 1963, subd. 5).

Plaintiff's verified complaint sought judgment setting aside alleged fraudulent conveyances by her judgment debtor to his codefendants. Verified answer denied essential allegations of the complaint. When the case was called for trial, plaintiff's counsel asked about the absence of defendants from the courtroom. Defense counsel said: ''I have advised my clients that I feel that unless it's absolutely necessary that they be here I don't feel it's advantageous for them to appear in court here;'' and ''we're ready to proceed.'' He denied advising his clients to avoid service of process. The court said that it ''might well grant a motion for a summary judgment,'' and spoke also of default judgment and judgment on the pleadings. Defense counsel pointed to the verified answer, and asserted his right to require evidence and to cross-examine. Plaintiff moved for ''judgment on the pleadings, and in support thereof I offer the plaintiff's verified complaint in evidence; . . . Or, in the alternative, I would make an offer of proof'' of efforts to serve subpoenas upon defendants. He detailed only efforts made on the preceding day and the early morning of the day of trial. No objection was made to either offer, but the court did not admit the complaint or receive any evidence. It granted ''the motion for judgment'' but entered

judgment on the merits. It found that the facts "by their very nature are known principally . . . by defendants," disclaimed reliance upon any efforts by plaintiff to subpoena defendants, but found that by their failure to appear in person at trial they had "wilfully concealed evidence." Presuming that the testimony of each defendant, if presented, "would have been adverse to that defendant," the court made detailed findings that each allegation of the complaint was true, and entered judgment against all defendants for the amount due from the original debtor, with interest, costs, and attorneys' fees.

This judgment is supported only if evidence was "wilfully suppressed" by defendants, thus raising the presumption that it would have been adverse to them if produced (Code Civ. Proc., § 1963, subd. 5). But defendants were not subpoenaed, and there is no showing that they sought to avoid service. Plaintiff was entitled to take depositions or to propound interrogatories (Code Civ. Proc., §§ 2016, 2030), but did neither. Defendants, appearing by counsel, merely failed to attend in person at trial.

■ "The opponent whose case is a denial of the other party's affirmation . . . may legally sit inactive, and expect the proponent to prove his own case. Therefore, until the burden of producing evidence has shifted, the opponent has no call to bring forward any evidence at all. . . . [H]is failure to produce evidence cannot at this stage afford any inference as to his lack of it; otherwise the first party would virtually be evading his legitimate burden" (2 Wigmore on Evidence, § 290, p. 179).

This rule applies in California. ■ "[I]n civil cases . . . the failure to produce evidence on the part of the defendant may not be considered until a prima facie case has been made by the plaintiff." (*People* v. *Ashley*, 42 Cal.2d 246, 269 [267 P.2d 271]; to same effect, see *Tinsley* v. *Bauer*, 125 Cal. App.2d 714, 722 [271 P.2d 110]; *Girvetz* v. *Boys' Market, Inc.*, 91 Cal.App.2d 827, 830 [206 P.2d 6]). ■ "It was . . . the burden of respondent to prove his case and appellant was under no duty to appear as a witness for his adversary unless subpoenaed." (*Hosford* v. *Henry*, 107 Cal.App.2d 765, 773 [238 P.2d 91]).

A plaintiff, by merely bringing the case to trial and sitting silent in the courtroom, cannot place upon defendant the duty of proving or disproving plaintiff's case. Whatever harshness this rule may earlier have had has been greatly ameliorated by

the broad discovery rights now afforded (Code Civ. Proc., §§ 2016-2036).

One asserting a transfer to be fraudulent has the burden of showing the vendor's fraudulent intent, and knowledge thereof by the vendee (*Ross* v. *Wellman*, 102 Cal. 1, 4 [36 P. 402]). This burden, whether it be termed that of going forward or of establishing a prima facie case, obviously was not met. It follows that the presumption which is the sole basis of the trial court's findings and judgment never came into play.

Plaintiff suggests that her verified complaint, offered in evidence, proves her case. She admits that it is but an affidavit, and not admissible over objection (see 2 Cal.Jur.2d 639-640), but points to the absence of objection. The complaint was offered, however, solely ''in support'' of her motion for judgment on the pleadings, which of itself brings the pleadings before the court. The offer in evidence was but surplusage, and objection would have been absurd. Failure to object to the limited offer cannot transform the complaint into evidence on the merits. Moreover, no order admitting the complaint in evidence for any purpose was made. Judgment on the pleadings was inconceivable, and was not granted.

The judgment entered was upon the merits. No evidence supports the findings, and the judgment must fall. We commend neither the tact nor the tactics of defense counsel's statement at trial. We but recognize that, absent any showing that defendants were subpoenaed or had evaded service, their mere absence from the courtroom does not prove plaintiff's case.

Judgment reversed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied May 25, 1966, and respondent's petition for a hearing by the Supreme Court was denied June 17, 1966.