607 P.2d 132

**In the Matter of Kathy DEAN, Alleged Mentally Ill Individual.**

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Kathy DEAN, Defendant-Appellant.**

**No. 4045.**

Court of Appeals of New Mexico.

Jan. 15, 1980.

Lee Huckstep, Mel B. O'Reilly, P. C., Ruidoso, for appellant.

Jeff Bingaman, Atty. Gen., Leslie D. Ringer, Chief Counsel, Beth W. Schaefer, Asst. Counsel Health and Environment Department, Santa Fe, for appellee.

## OPINION

HERNANDEZ, Judge.

The defendant appeals her involuntary commitment by the district court to the New Mexico State Hospital (State Hospital) for a period not to exceed 30 days. We affirm.

On February 20, 1979, defendant was involuntarily committed to the State Hospital upon a physician's certificate for a 7-day evaluation period pursuant to the provisions of the Mental Health and Development Dis-

abilities Code, Section 43–1–2 through 19 and 21 through 23, N.M.S.A. 1978. On February 27, 1979, the State filed a petition in the district court seeking to extend defendant's commitment for an additional 30 days. Attached to the petition as an exhibit was a psychiatric evaluation report signed by Alan Krichev, Ph.D. and Ted Scharff, M. D., both members of the State Hospital staff. A hearing on this petition was held on March 1, 1979, following which an order was entered committing defendant to the State Hospital for a period not to exceed 30 days, commencing March 1, 1979.

Defendant's first point of error is that the trial court's consideration of the initial evaluation report of Drs. Krichev and Scharff constituted a violation of defendant's right of due process in that she did not have the opportunity to cross-examine either of these men.

Section 43–1–11 of the Code provides in part as follows:

A. Every adult client involuntarily admitted to an evaluation facility pursuant to Section 43–1–10 NMSA 1978 shall have the right to a hearing within seven days of admission unless waived after consultation with counsel. If the division, physician or evaluation facility decides to seek commitment of the client for evaluation and treatment, a petition shall be filed with the court within five days of admission requesting such commitment. *The petition* shall include a description of the specific behaviors or symptoms of the client which evidence a likelihood of serious harm to the client or others, and *shall also include an initial screening report by the evaluating physician individually, or with the assistance of a mental health professional,* or if a physician is not available, by a mental health professional acceptable to the court. *The petition shall also list the prospective witnesses for commitment and a summary of the matters to which they will testify.* Copies of the petition shall be served on the client and the client's attorney.

B. At the hearing, the client shall be represented by counsel, and shall have the right to present evidence on his behalf, including testimony by an independent mental health professional of his own choosing, to cross-examine witnesses, and to be present at the hearing. The presence of the client may be waived upon a showing to the court that the client knowingly and voluntarily waives his right to be present. A complete record of all proceedings shall be made.

C. Upon completion of the hearing, the court may order a commitment for evaluation and treatment not to exceed thirty days if the court finds by clear and convincing evidence that:

(1) as a result of a mental disorder, the client presents a likelihood of serious harm to himself or others; . . . [Emphasis added.]

The petition for commitment recited in part that:

2. The Respondent has been examined by Al Kirchev, M. D., attending psychiatrist at the New Mexico State Hospital, upon her admittance to said hospital on the 20th day of February, 1979, and was found to be suffering from a mental disorder which presents a likelihood of serious harm to herself and others. According to telephone calls from mental health professionals at the hospital, the Respondent's condition has not improved significantly since her admittance on the 20th day of February, 1979. A copy of the initial evaluation will be filed herein immediately upon its receipt from the State Hospital.

3. The prospective witnesses and a summary of the matters to which they are expected to testify follows:

*Carolyn Razenton, R.N.*: Will testify as to the examination of the Respondent shortly before the hearing on this Petition and provide a current evaluation of her condition. Will also use the reports of the mental health professionals at the Las Vegas Medical Center as basis for her opinion and explain the medical diagnosis and recommendations contained therein, along with her personal knowledge of the patient's condition.

*Ms. Rocky Wheeler*: Will testify as to her behavior while in her custody. Also as to her behavior over the telephone and to her varied calls to the Ruidoso Police Department.

*Mr. William Dean*: Will testify as to her behavior at home and prior to her being taken to the New Mexico State Hospital.

*Ron Harris*: Will testify as to her calls to him regarding her suicidal tendencies and other actions.

The trial judge, at the termination of the hearing on the petition, announced his findings and conclusions from the bench, part of which was as follows:

That leaves the court's findings on whether as a result of the mental disorder the respondent presents a likelihood of serious harm to others or to herself, and I am going to make the decision not only upon the testimony of Ms. Razenton, who based her decision in part upon consultation with Dr. Hickey and the letter from the mental health professionals at the New Mexico State Hospital, but I am going to consider the letter from Dr. Kreschev [sic] and Dr. Scharf [sic]. I am going to find on that basis that there is a likelihood that respondent will cause serious harm to herself or others.

. . . . .

. . . I believe I made it apparent on the record that I have considered the opinions of Dr. Kreschev [sic] and Dr. Scharf [sic] *as taken into consideration by the mental health professional Carolyn Razenton.* [Emphasis added.]

At the hearing Carolyn Razenton on direct examination was asked the following questions:

Q. Ma'am, I would like to show you a psychiatric evaluation report dated February 23, 1979, entitled Kathy Dean, Quay County, and signed by Dr. Kreschev [sic] of the acute admissions unit and Dr. Ted Scharf [sic] of the acute admissions unit. This is

from the State of New Mexico, State Hospital in Las Vegas, New Mexico. It is the same evaluation that is attached to the petition for the record, your Honor. Have you reviewed that evaluation report?

A. Yes. I read through this last evening.

Q. Is there anything in that evaluation done by Dr. Kreschev [sic] and Dr. Scharf [sic] that is inconsistent with your testimony?

Defendant's counsel made the following objection:

I am going to object to out of court statements by these other doctors. They are hearsay.

The trial court ruled as follows:

The objection is sustained, however, you may rephrase your question and ask her if she took the content of that report into consideration in rendering her opinion in this matter.

Ms. Razenton was then asked and she answered:

Q. Does your opinion take that evaluation into account?

A. THE WITNESS: Yes, sir.

Rule 703, N.M.R. of Evid. provides:

The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

Rule 705, N.M.R. of Evid. provides:

The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the judge requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination.

The letter of evaluation was thus admissible evidence insofar as it formed part of the basis of Ms. Razenton's opinion and could properly be considered by the trial court. This is precisely what the trial court did. There was no error in this regard.

■ The defendant's second point of error is that there was no testimony by the mental health professional, whose opinion the initial screening report reflected, as to the likelihood of defendant causing serious harm to herself or others. Defendant contends that in order to commit an adult for a 30 day period pursuant to § 43–1–11, supra, "there must be testimony by the mental health professional whose opinion is reflected in the screening report as to the likelihood of defendant causing serious harm to herself or others." Defendant acknowledges that the provisions of § 43–1–11 do not make such a requirement, but argues that the "internal logic" of the section requires the testimony of such mental health professional. Defendant goes on to argue that since such reports are not admissible in evidence, in and of themselves, the requirement that such a report be attached to a commitment petition would be a meaningless requirement unless the professional or professionals making the report were required to testify at the hearing.

We do not agree. It is our opinion that the legislature made the requirement that the report be attached to the petition to insure that there was sound professional justification for the commitment proceedings. There is no implicit requirement that the person or persons making such a report testify at the hearing. Had the legislature so intended, they would have explicitly stated so.

We affirm the order of the district court.

IT IS SO ORDERED.

WALTERS, J., concurs.

SUTIN, J., dissents.

SUTIN, Judge (dissenting).

I dissent.

This appeal involves the involuntary commitment of Kathy Dean to the New Mexico State Hospital for evaluation and treat-

ment, not to exceed thirty days. Dean appeals. I would reverse.

The State claims this appeal is moot because "the patient has been stabilized on her medication and was released at the end of the commitment period" and "that no matter of public interest exists . . . that would necessitate deciding it on the merits." I disagree. The record is silent on stabilization and release. Even if the facts stated are true, I have no knowledge of the number of other persons who may be affected by the trial court's error in arriving at its decision. This fact creates a matter of public importance that should be decided on the merits. *Matter of Pernell*, 92 N.M. 490, 590 P.2d 638 (Ct.App.1979). To commit a person to a mental institution summarily is a taint that demands care and circumspection on the part of the courts.

The State filed an unverified Petition for Involuntary Commitment for Mental Health Care. Pursuant to § 43–1–11, N.M. S.A. 1978, a copy of a Psychiatric Evaluation letter was attached to the petition signed by a physician and psychologist employed at the State Hospital. Neither of them testified, and the doctors' letter was not offered in evidence. At the close of the case, the trial court announced its decision in favor of commitment and declared:

> . . . I am going to make the decision *not only upon the testimony of Ms. Razenton*, (a registered psychiatrist nurse employed by the Lincoln and Otero County Mental Health Association) . . . *but I am going to consider the letter from . . . (the two doctors). I am going to find on that bases that there is a likelihood that the respondent will cause serious harm to herself or others.* [Emphasis added.]

The court's decision is reversible error as a matter of law.

The standard of proof in commitment proceedings is "clear and convincing" evidence. *Matter of Valdez*, 88 N.M. 338, 540 P.2d 819 (1975). "For evidence to be clear and convincing, it must instantly tilt the scales in the affirmative when weighed against the evidence in opposition and the fact finder's mind is left with an abiding conviction that the evidence is true." *In re Sedillo*, 84 N.M. 10, 12, 498 P.2d 1353, 1355 (1972). The trial court did not have an abiding conviction that the nurse's testimony, when weighed against that of Dean, tilted the scales in favor of the State. It relied on the letter sent to the district attorney that was not in evidence.

"Evidence" constitutes the testimony and matters presented at trial for the purpose of proving a fact in issue. *Taylor v. Howard*, 111 R.I. 527, 304 A.2d 891 (1973); *Commonwealth v. Myers*, 393 Pa. 224, 144 A.2d 367 (1958). The letter was not evidence of the fact that Dean would cause serious harm to herself or to others. *Schindler v. AG Aero Distributors, Inc.*, 502 S.W.2d 581 (Tex.Civ.App.1973).

The letter attached to the petition could not be considered unless the court could have taken judicial notice thereof. The limits of this rule are enumerated in Rule 44(d) of the Rules of Civil Procedure. The rule is not broad enough to include a medical report affecting the mental condition of a patient even though it is essential to establish the validity of a commitment petition.

The pleadings are not evidence. *Pinson v. Dreymala*, 320 S.W.2d 152 (Tex.Civ.App. 1958); *Sears v. Smith*, 221 Ga. 47, 142 S.E.2d 792 (1965); *Evers v. Hollman*, 196 Tenn. 364, 268 S.W.2d 97 (1954); *Stoney v. Soar*, 322 Mass. 408, 76 N.E.2d 645 (1948). A party's pleadings merely present the issues. *Morris v. City Council of Augusta*, 204 Ga. 26, 48 S.E.2d 855 (1948). A verified complaint is but an affidavit and is not admissible over objection. *Vaughn v. Coccimiglio*, 241 Cal.App.2d 676, 50 Cal.Rptr. 876 (1966).

The State seeks to escape in various ways. It claims that Dean did not challenge the court's findings of fact; that the court's remarks are not appealable since they were not incorporated into the final order. The Mental Health and Developmental Disabilities Code, §§ 43–1–2 to 43–1–23, N.M.S.A.1978 does not involve a trial

governed by the Rules of Civil Procedure. Section 43–1–11(C) reads:

> *Upon completion of the hearing, the court may order a commitment for evaluation and treatment not to exceed seventeen days if the court finds by clear and convincing evidence that*:
>
> (1) as a result of a mental disorder, the client presents a likelihood of danger to himself or others;
>
> (2) the client's condition is likely to improve with the proposed treatment; and
>
> (3) the proposed commitment is consistent with the least drastic means principle. [Emphasis added.]

The proceedings are not intended to be carried on in the formal manner in which ordinary civil actions are prosecuted between litigants. It is in the nature of a summary proceeding.

An order issued at the close of a hearing does not contemplate findings of fact and conclusions of law. The court did orally make its findings and order, one of which findings was quoted above. No provision is made in the statute that findings of fact and conclusions of law "must be given in writing and filed with the clerk in the cause" as stated in Rule 52(B)(a) of the Rules of Civil Procedure. Rules 9(d) and (m)(2) of Rules of Appellate Procedure in Civil Cases are not applicable. It was unnecessary for Dean to challenge the court's findings.

The State relies on *Peterson Prop., etc. v. Valencia Cty. Val. Protests Board*, 89 N.M. 239, 549 P.2d 1074 (Ct.App.1976) which holds that statements of a judge as to reasons for a judgment, made before the judgment is entered cannot be considered part of a judgment. This case is far removed from the issue in the instant case. Here the trial court admitted that he took into consideration, in arriving at his Order of Commitment, evidence that was not of record. This was an admission that the evidence of record was not clear and convincing on the subject of Dean's likelihood of danger to herself or others.

The State also argues that no testimony is required by the mental health professional whose opinion is reflected in the initial screening report. The syllogistic argument is: (1) the admitting physician evaluates the person to determine if the person shall be detained; (2) the evaluation is made a part of the petition to commit the person; (3) therefore, the legislature intended that the letter of evaluation was *prima facie evidence* that the physician conducted the evaluation required and actually did determine reasonable grounds to detain the person. If this argument were acceptable, then, at the hearing, the State could rest upon its petition and await the person's presentation of a defense. The State admits that its argument is good "If speculation is in order as to the probable legislative intent in requiring that the initial screening report be filed with the petition . . . ." In determining legislative intent, "speculation, guess or conjecture" are not acceptable theories. They are blobs that courts must carefully avoid. If the legislature has enacted the State's position in the Mental Health Code, problems of due process would occur, a point raised by Dean in this appeal. The State's argument is not meritorious.

I have carefully reviewed other matters raised by the State in this appeal. They merit no discussion.

The Order of the trial court should be reversed.