75651. SIMS v. THE STATE.
(366 SE2d 406)

CARLEY, Judge.

Following appellant's plea of mental incompetency to stand trial, a special jury was empanelled and it found that he was competent. Appellant and a co-indictee were then brought to trial before a jury on two counts of armed robbery. Appellant appeals from the trial court's judgments of conviction and sentences entered on the guilty verdicts returned by the jury.

1. The trial court's failure to charge the competency jury, without request, on the consequences of finding appellant competent or incompetent to stand trial is enumerated as error.

OCGA § 17-7-130 is the controlling statutory provision as to the issue of the competency of a criminal defendant to stand trial. OCGA § 17-7-130 contains no statutory mandate that the trial court charge the competency jury on the consequences of its possible verdicts. Compare OCGA § 17-7-131, regarding the plea of insanity or mental incompetency as a *defense* to criminal responsibility. In the absence of any such statutory requirement, we find no error in the trial court's failure to give such a charge. This would be especially true where, as here, there was neither a request for such a charge nor an objection to the failure to give such a charge.

2. Appellant enumerates as error the trial court's failure to instruct the competency jury as to the opinion testimony of lay witnesses. Appellant requested no such charge. He urges, however, that, even without request, the trial court should have balanced its charge on expert witnesses with a charge on lay opinion testimony.

The charge that was given by the trial court as to expert witnesses did not overly emphasize the probity of their testimony or imply that the opinions of lay witnesses were not to be considered. Inasmuch as the instruction that was given by the trial court could not have misled or confused the competency jury, and there being no timely written request for a separate charge on lay opinion testimony, we find no error. See generally *Sears v. Smith*, 221 Ga. 47, 49 (9) (142 SE2d 792) (1965).

3. Appellant enumerates the general grounds. As to each robbery, the State produced substantial evidence of appellant's guilt. After a review of the entire record, we find that a rational trior of fact could reasonably have found appellant guilty, beyond a reasonable doubt, of committing the two armed robberies with which he was charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Appellant enumerates as error the denial of his motion to sever his trial from that of a co-defendant.

"[OCGA § 17-8-4] provides that '[w]hen two or more defendants are jointly indicted . . . for a felony less than capital . . . defendants may be tried jointly or separately in the discretion of the trial court . . .' [Cits.] Our Supreme Court, . . . [has] found that the trial judge must exercise his discretion in each particular case, '[b]ut the burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. [Cit.] He must make a clear showing of prejudice and a consequent denial of due process.' [Cit.] They set forth a three-part standard: (1) 'Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? (2) Is there a

danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? (3) Are the defenses of the defendants antagonistic to each other or to each other's rights?' [Cit.] We answer each question in the negative . . . [W]e find no error." *Stevens v. State*, 165 Ga. App. 814, 816-817 (3) (302 SE2d 724) (1983). See also *Stephens v. State*, 170 Ga. App. 267 (1) (316 SE2d 847) (1984).

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 25, 1988.

*Carl Greenberg*, for appellant.

*Robert E. Wilson, District Attorney, Elisabeth G. MacNamara, Assistant District Attorney*, for appellee.